## HUGGINS *v.* DABBS.

Opinion delivered May 20, 1893.

1. *Judgment—Collateral attack.*
   A decree is not subject to collateral attack by infant defendants, where the record is otherwise silent as to service of process upon them, if an order entered by the clerk, as authorized by law, for the appointment of a guardian *ad litem* recites that they were duly served with process.

2. *Commissioner's deed—Evidence.*
   A commissioner's deed, duly made and executed, acknowledged, approved and recorded, vests in the grantee, and in his heirs and assigns, a good and valid title, both in law and in equity, and is evidence of the facts therein recited, and of the legality and regularity of the sale of the land, until the contrary is made to appear.

3. *Minor defendants—Service of process.*
   In serving process on minor defendants, under Mansf. Dig., section 4983, by leaving a copy with each of them and with their mother with whom they reside, it is a sufficient compliance with the statute to serve each of them with a copy and to leave one copy with their mother, without leaving one for each minor defendant.

Appeal from Franklin Circuit Court, Ozark District.

HUGH F. THOMASON, Judge.

*J. V. Bourland* for appellant.

1. The service upon the minor defendants was strictly in conformity to the code. Mansf. Dig. sec. 4983.

2. This court will disregard errors or defects which do not affect the substantial rights of parties. Mansf. Dig. sec. 5083. One copy served upon the mother, where the minors are all under her care, is a substantial compliance with the statute. Mansf. Dig. sec. 6344, etc.

3. On failure of a sheriff to make his return of record, oral proof is admissible to show the facts. Freeman on Judg. sec. 72.

4. If the summons was defectively served, the decree and sale cannot be treated as void on collateral attack. Freeman on Judg. sec. 126; Black, Judg. vol. 1, sec. 194; 55 Ark. 200.

*Ed H. Mathes* and *Sandels & Hill* for appellees.

1. Service upon the minor defendants is not shown or recited. It was incompetent to prove service by oral testimony. Mansf. Dig. secs. 4977, 5316.

2. Mansf. Dig. sec. 4083 provides how infants can be brought into court. Statutes as to service are strictly construed. 35 Ark. 503.

3. There is no proof that Linzie was guardian of the Dabbs children. Mansf. Dig. sec. 3484. Nor is it shown that the probate court had authority or jurisdiction to make the appointment. Mansf. Dig. secs. 26 and 3490.

POWELL, J. Appellees, the heirs of T. R. Dabbs, deceased, sue appellants, the heirs of J. M. Huggins, deceased, in ejectment for certain lands described in their complaint, claiming title by inheritance from their father, T. R. Dabbs.

Appellants' answer denied the title of plaintiffs, and set up title in themselves as heirs at law of J. M. Huggins, and alleged that T. R. Dabbs, in his life time, was indebted to their father in a large sum, and, to secure the payment of said indebtedness, executed a deed of mortgage to J. M. Huggins (their father), on the lands sued for, which was duly acknowledged and recorded. That thereafter, and after the death of appellees' father, J. M. Huggins, the father of appellants, brought suit on the chancery side of the circuit court, to enforce his lien on said lands, to foreclose mortgagor's equity, etc., in which complaint he made the appellees herein parties defendants, and upon a hearing the court rendered a 'decree foreclosing and barring defendants'

equity, and ordering a sale of the lands, for the execution of which decree a commissioner was appointed by the court, who sold the lands in conformity with the decree of the court, and appellants' father became the purchaser, made report of sale which was by the court confirmed and deed was ordered to be made to the purchaser, which was executed and delivered with acknowledgment of the commissioner and approval of the court, recorded and certified by the recorder, copies of which deed and decree were made exhibits to appellants' answer.

The deed and decree exhibited with the answer of appellants, together with the order of the clerk appointing guardian *ad litem*, and the summons, and return thereon, in the suit for foreclosure of the mortgage, were offered in evidence by appellants' counsel, and objected to by the counsel of appellees, which objection was sustained by the court.

There were other records and evidence offered on the hearing, which we deem it unnecessary to consider.

1. Validity of judgment upon collateral attack.

The contention in this case seems to have been as to the service of summons upon minor defendants, in the suit upon the mortgage, the court holding, as we gather from the declaration of law in the case, that the plaintiffs herein, who were defendants in the foreclosure suit, were not parties to the suit for foreclosure, and that said decree was null and void, and that the finding of the fact of service should have appeared in the decree.

The decree in the foreclosure suit appears to have been drawn with care, and every fact necessary to be recited appears in the decree, except the fact that the minor defendants were duly served with summons, and that fact inferentially appears. The clerk (as is authorized by law) appointed a guardian *ad litem;* in this order of appointment there is a finding that the minors were duly served with process of summons. This, being

a part of the record in the case, is controlled by the same rule as to verity as the decree or other parts of the record.

The cause was heard upon answer of some of the adult defendants, decree *pro confesso* against others who were found to have been duly served with summons and failed to appear, and answer of guardian *ad litem* for minor defendants.

Hence we hold that there was a sufficient finding of facts in the decree to make it valid, certainly so when collaterally attacked. *Boyd* v. *Roane*, 49 Ark. 397, is a case which we believe settles the question as to the validity of the decree of foreclosure and the rights of the parties thereunder.

The deed exhibited with appellant's answer, to which there was no exception filed before the trial in the ejectment suit, is regular upon its face, and appears to have been duly made and executed, acknowledged, approved and recorded. This, under our statute, vested in the grantee, and in his heirs and assigns, a good and valid title, both in law and equity, and is evidence of the facts therein recited, and of the legality and regularity of the sale, until the contrary is made to appear (Mansfield's Digest, sec. 668); and, having been so made, should have been admitted as evidence. *Ib.* sec. 669.

2. Commissioner's deed as evidence of title.

The summons offered in evidence is in form as required by law, and contains the names of all the parties defendant, and is returned served on all the parties defendant, naming each and date and place of service, manner of service by copy to each, designating the minors, copy of summons delivered to each, and, finding no father or guardian, delivered a copy to the mother with whom these minors resided or lived at the time. This was a substantial, if not a literal, compliance with the statute. We can see no beneficial reason for the delivery of more than one copy, when there are more minors than one, if

3. As to service of process upon minor defendants.

all are in charge and under the control of one person ; she or he, as the case may be, would be as well advised with one copy as with a dozen, each being a copy of the others.

The instruction given by the court, "that under the evidence the infant children of T. R. Dabbs were not parties to the foreclosure suit of J. M. Huggins against Mary E. Dabbs and others," is not warranted by the facts in the case, because the complaint of the plaintiff made them such ; but if the court means by the language that they were not brought before the court by proper service, it would be error.

For the error of the circuit court in rejecting the deed and decree exhibited with the defendants' answer and the summons with the return thereon, this cause is reversed and remanded for a new trial.

Mansfield, J., did not participate.