FENNER v. REEHER.

Opinion delivered May 16, 1921.

1. ACTIONS—CONSOLIDATION.—Under Crawford & Moses' Digest, § 1081, it was proper to consolidate a suit by the owner of city property to foreclose a mortgage held by him on farm property with a suit by the owner of the farm property for specific performance of a contract to exchange the city property for the farm property.

2. VENDOR AND PURCHASER—MARKETABLE TITLE.—A purchaser should have a title which will enable him not only to hold the land, but to hold it in peace, and, if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value; but the doubt must be reasonable, such as would induce a prudent man to hesitate, and not a captious or frivolous objection.

3. VENDOR AND PURCHASER — MARKETABLE TITLE.—A mortgage on land will not justify a purchaser in refusing to carry out a contract of sale where the vendor offered to pay off the mortgage and only refused to pay to the mortgagee's attorney (the mortgagee being the purchaser) because the mortgagee was not there to satisfy the record.

Appeal from Izard Chancery Court; *L. F. Reeder*, Chancellor; affirmed.

STATEMENT OF FACTS.

The principal issue raised by the appeal is the right of F. F. Reeher to the specific performance of an agreement between himself and Gorge F. Fenner for the exchange of a farm in Izard County, Arkansas, owned by the former, for a house and lot in the town of Coffeyville, Kansas, owned by the latter. On the 18th day of October, 1919, F. F. Reeher entered into a written agreement with George F. Fenner for the exchange of a farm, owned by the former, in Izard County, Arkansas, for a house and lot, owned by the latter, in Coffeyville, Kansas. The farm comprised 180 acres, and the contract covenanted that the land was free from all incumbrances. Reeher agreed to take, or cause to be taken, a mortgage for $677, secured by the land. $325 of this amount was a balance due on the purchase price of the land, and $352 was a balance due on the personal property embraced in the exchange of the land between the parties. The contract provided that Reeher should clear the title to the 180 acres of land and give Fenner an abstract showing a good, merchantable title. On his part, Fenner covenanted that his house and lot in Coffeyville, Kansas, was free from incumbrances, except a mortgage of $250. Fenner agreed to increase the mortgage on this property up to $500 and to pay Reeher $250 in cash at the completion of the contract. The contract further provided that, if Reeher failed to clear the title to his land, the rent collected from the Coffeyville property should be applied toward the payment of the personal property sold by Reeher to Fenner, which amounts to $325. Each party covenanted to give the other possession of the property after October 18, 1919, and the latter has been in possesion of it ever since. Its rental value is $100 per annum. Reeher has never been in possession of the Coffeyville property; Fenner has collected the rents on it, and the rental value is $15 per month.

On the 4th day of February, 1919, F. F. Reeher gave to John Michael a mortgage on the 180 acres of land in

question to secure an indebtedness of $625. On the 28th day of June, 1919, Reeher made a payment of $50 on this indebtedness, which was duly credited on the note. On the 6th day of December, 1919, Michael assigned the note and mortgage on the land in question to George F. Fenner and Lillie Fenner, his wife. On the 13th day of December, 1919, they brought suit in equity against F. F. Reeher to foreclose this mortgage. Reeher filed an answer in which he admitted the execution of the mortgage, but stated that he was entitled to a credit of $75 on the note which the mortgage was given to secure. On May 5, 1920, F. F. Reeher brought suit in equity against George F. Fenner to obtain specific performance of the contract described above. On motion of Reeher the two causes, which were pending in the same chancery court, were consolidated. The facts stated above were proved at the trial of the consolidated cases.

Reeher was a witness for himself. According to his testimony, he had tried to make Fenner a deed to the 180 acres of land in Izard County, Arkansas, and had an abstract prepared showing a good and merchantable title to said land. He admitted that the abstract did not show the payment of the Michael debt and the satisfaction of the mortgage, but he stated that he was willing to pay off that indebtedness and offered to do so. He stated that he had never offered the cash to Michael because he failed to meet him at the time they had set for settlement of the matter. Reeher told Fenner that the abstract to the 180 acres of land had been prepared and was in his attorney's office ready for him. He admits that he refused to pay the mortgage indebtedness to Michael's attorney, but says that he told the latter that he was ready and prepared to pay Michael whenever the latter would come and satisfy the record. Reeher denied that he was to take the $400 which Fenner paid him at the time of the execution of the contract and apply it on what he owed Michael.

According to the testimony of George F. Fenner, he never saw the abstract of title to the 180 acres of land

in Izard County. He admits that Reeher told him that the abstract was ready and in the office of John C. Ashley. Fenner went to Ashley's office, and the latter informed him that there were missing links in the title, and that it would have to go through court. Fenner bought the Michael indebtedness to protect himself.

According to the testimony of J. C. Ashley, Fenner called at his office and asked him if the abstract would show a perfect title. Ashley told him that it would be impossible, as there were some imperfections in it, and that the only way to cure them would be to have the title confirmed. Ashley told Fenner that, while the title was not perfect, it was safe; that a title to part of it was perfect, and the title to the balance extended back from twenty to thirty-five years. Fenner replied that he did not want the land if the title was not perfect.

On cross-examination Ashley stated that the abstract shows a merchantable title subject to two liens, one for $400 and the other for $675. He stated it was his understanding and information that the $400 lien had been satisfied, and the other was the one given to Michael and referred to above.

The court found that Reeher was indebted to George F. Fenner and Lillie Fenner in the sum of $681.83 on the note executed by them to John Michael, and indorsed by the latter to George F. Fenner and Lillie Fenner, and it was secured by a mortgage on the 180 acres in question.

The court found in favor of Reeher on the suit for specific performance and found that George F. Fenner was indebted to F. F. Reeher in the sum of $677, the balance due on the personal property and real estate according to the terms of the written contract sued on, and also in the sum of $178.50 rents on the Coffeyville property, making in the aggregate a total indebtedness of $855.50. A decree for the specific performance of the contract was accordingly entered of record, and it was further ordered that the judgment of George F. Fenner and Lillie Fenner against Reeher in the sum of $681.83

be set off against the judgment of Reeher against Fenner in the sum of $855.50 and that Reeher have judgment against Fenner for the balance due in the sum of $172.67.

George F. Fenner alone has prosecuted an appeal to this court.

*Elbert Godwin,* for appellants.

1. The chancellor erred in consolidating the two causes of action, as the plaintiffs are not the same, and the issues are not the same. 80 Ark. 167; 83 *Id.* 288; 8 Cyc. 594 and 31 *Id.* 45.

2. The court erred in decreeing specific performance against appellant on the contract made October 18, 1919. The land was not *free of all incumbrances* as warranted. The term "incumbrance" in a contract to convey land *"free from all incumbrances"* includes a paramount right to the land which may defeat the grantee's title. Words and Phrases, vol. 4 (1 series), p. 3524; 4 Comstock (N. Y.) 396-400; 4 Mass. (9 Metc.) 462-7.

Incumbrances are of two kind, viz.: (1) Such as affect title, and (2) those which affect only the physical conditions of the property. A mortgage or lien is a fair illustration of the former; a public road or right-of-way, of the latter. Where incumbrances of the title exist, the covenant of warranty is broken the instant it is made, and *it is of no importance* that the grantee had notice when he took title. Words and Phrases, vol. 2 (2 series), p. 1023; 53 So. 381-3; 60 Fla. 284; 30 L. R. A. (N. S.) 833; Ann. Cases 1912 C 647; 4 Atl. 542; 112 Pa. 315.

The undisputed testimony is that appellee never at any time rendered appellant any abstract showing a good, merchantable title. One who seeks specific performance is bound to show a substantial performance or readiness and offer to perform on his part *all that is required by the contract.* Failure in any material respect offers a full defense to the suit. 118 Ark. 283.

A purchaser suing for specific performance of a contract has the burden of showing that he has complied, or offered to comply, with the terms of the contract, and

that he was ready and willing to do so, and that any failure on his part was caused by some neglect or default of the vendor. 219 S. W. 28. A plaintiff seeking to enforce a contract dependnig on a condition precedent must show that the condition has been fully performed. 36 Cyc. 697. The burden of proof is on the vendor to show a good title. 36 Cyc. 694-5. Specific performance of a private contract to purchase land will not be enforced unless the title is marketable. 158 N. Y. 522; 39 Cyc. 1406-7. If the title to any part of the land is defective, appellant may rescind the whole contract. 66 Ark. 433; 39 Cyc. 1407-8 and notes.

This case should be tried *de novo* on appeal, and the case should be decided on its merits, irrespective of the decision of the chancellor. 93 Ark. 394.

*John C. Ashley,* for appellee.

1. There is no error in consolidating the two causes of action. If Lillie Fenner was a proper party, she did not appeal from the final decree and is not now in court and can not be heard for the first time to object. 26 Ark. 414; 27 *Id.* 156; 100 *Id.* 148.

2. As to Geo. Fenner, he made no objections and saved no exceptions to the consolidation and can not be heard to complain. The causes were properly consolidated. C. & M. Digest, § 1081; 84 Ark. 555; 88 *Id.* 424. But, if error, it was harmless.

3. There was no error in decreeing specific performance, because (1) appellee has failed to clear the land in Izard County of all incumbrances, and (2) appellee has performed his part of the contract so far as possible and shown a readiness to perform his part of the contract. The incumbrance complained of has been paid. But if not paid it is not an incumbrance, as action was barred at the time the trade was made. C. & M. Digest, § 7382. Appellee had no opportunity to clear the title before appellant filed this suit, and this should be given him, and in giving appellee an opportunity to clear the incumbrance there was no error. 40 Ark. 382; 73 *Id.* 491a.

Appellee did not fail to give appellant good, marketable title to the land sold. A marketable title is one that can be held without reasonable apprehension of its being assailed, and one that can readily be transferred in the market, if desired. 121 Ark. 482; 119 *Id.* 418; 66 *Id.* 433; 63 *Id.* 548.

4. This court will not reverse the findings of the chancellor as to matters of fact unless they are clearly against the clear preponderance of the testimony. 73 Ark. 489; 77 *Id.* 305; 97 *Id.* 537.

HART, J. (after stating the facts). It is first insisted that the court erred in consolidating the suit of George F. Fenner and Lillie Fenner, his wife, against F. F. Reeher, to foreclose the mortgage on the 180 acres of land in Izard County, Arkansas, with the suit of F. F. Reeher against George F. Fenner for the specific performance of the contract to exchange the 180 acres of land in question for the Coffeyville property.

The court did not err in consolidating the suits. Section 1081 of Crawford & Moses' Digest provides that when causes of a like nature, relative to the same questions, are pending in the circuit court or chancery court, the court may consolidate said causes when it appears reasonable to do so. In *Little Rock Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, the court held that separate actions by the husband and wife to recover damages for injuries sustained by the wife on account of the alleged negligence of the gas company were properly consolidated. The object of the act in question is to save a repetition of evidence, and an unnecessary consumption of time and costs in actions depending upon substantially the same evidence or arising out of the same transaction.

Again it is urged that the court erred in setting off the judgment recovered by George F. Fenner and Lillie Fenner against F. F. Reeher. Lillie Fenner has not appealed and can not be prejudiced by the action of the court in this respect, however erroneous it might be. The decree of the court shows that Fenner is indebted to

Reeher in a greater amount than Reeher was indebted to him. The court gave Fenner credit on the judgment of Reeher against him in the amount of his judgment against Reeher. This action of the court resulted in no prejudice to him, inasmuch as the decree must be affirmed for the reasons hereinafter given.

The principal issue raised by the appeal is whether or not Reeher was entitled to specific performance. The contract provided that Reeher should give Fenner a clear title to the 180 acres of land in question and should give him an abstract showing a good, merchantable title. It is a just principle in the law relating to the specific performance of contracts that Fenner should receive that for which he contracted before he can be compelled to part with the consideration he agreed to pay. The contract provided that he was to receive an abstract showing a good, merchantable title.

In the case of *Dobbs* v. *Norcross,* 24 N. J. Rep., p. 327, cited in *Griffith* v. *Maxfield,* 63 Ark. 548, to sustain the holding of the court, in discussing this question it was said:

"The court will never compel a purchaser to take a title where the point on which it depends is too doubtful to be settled without litigation, or where the purchase would expose him to the hazard of such proceedings; or, as it is usually expressed, it will not compel him to buy a lawsuit. That may be a good title at law, which a court of equity, in the exercise of its discretionary power, will not force on an unwilling purchaser. Every purchaser of land has a right to demand a title which shall put him in all reasonable security, and which shall protect him from anxiety, lest annoying, if not successful, suits be brought against him, and probably take from him or his representatives land upon which money was invested. He should have a title which shall enable him, not only to hold his land, but to hold it in peace; and, if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value."

This court has adopted the rule there laid down. *Griffith* v. *Maxfield,* 63 Ark. 548; *Leroy* v. *Harwood,* 119 Ark. 418; *Mays* v. *Blair,* 120 Ark. 69, and *Shelton* v. *Ratterree,* 121 Ark. 482. The doubt, however, must be reasonable, or such as would induce a prudent man to hesitate. It does not mean a captious or frivolous objection.

We now come to consider the title in the present case tendered by Reeher to Fenner under the contract in question and must determine whether it is so far free from reasonable doubt as to justify the affirmance of the decree ordering the contract to be specifically performed. There was an incumbrance of $400 which John C. Ashley, who abstracted the title for Reeher, testified had been fully satisfied. His testimony was not disputed. Hence this alleged incumbrance passes out of the case.

This brings us to the mortgage made by Reeher to Michael. In the first place, Reeher all the way through claimed that he would pay off this mortgage and only declined to pay to Michael's attorney because Michael was not there to satisfy the record. He again offered to pay off this indebtedness at the trial, and the court credited his judgment against Fenner with the amount of the indebtedness. Under these circumstances, it did not constitute an encumbrance which would warrant Fenner in refusing to carry out the contract on his part. It seems that there was some other objections to the title, but the evidence does not disclose what they were. Ashley testified that the title was a merchantable one, and that Fenner told him he would not take anything less than a perfect title. This, as we have already seen, he was not entitled to under the terms of the contract. The contract gave him a merchantable title, and this Reeher offered to give him at all times. He could not refuse to accept the title thus offered on the ground that there was a possibility of there being a flaw in it. The record does not show any reasonable ground which would warrant Fenner in turning down the title offered him by Reeher. The title which Reeher seeks to compel Fenner to accept

is a merchantable one, within the meaning of our decisions cited above, and the court properly entered a decree for the specific performance of the contract.

It follows that the decree must be affirmed.