GIBSON v. MINTURN.

Opinion delivered January 11, 1932.

*G. M. Gibson,* for appellant.

*W. P. Smith,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover judgment on a warrant issued to him by appellee in the sum of $200, which warrant provided it was given to appellant "to grade and rock road from the end of Rock Road No. 4 in the town of Minturn to the north railroad crossing in the town of Minturn, Arkansas," issued to him on the 10th day of February, 1928.

He alleged in his complaint that he had graded and rocked the road as provided in the warrant prior to the date thereof and had done so for an agreed consideration of $200, for which amount he prayed judgment. Appellee answered and denied that appellant had performed any work for it prior to the issuance of said warrant, and stated that he had agreed to do the work mentioned in the warrant which he had wholly failed to do. Prior to the introduction of evidence, appellee admitted the execution of the warrant, and that its defense was that the work was not done. Thereupon, counsel for appellant stated that appellant had done part of the work and stood ready to fulfill his contract, but that appellee found that a concrete road was going over this street and that the grading and rocking contemplated by the contract was not needed. Thereupon appellee assumed the burden of proof, and its witnesses testified very positively that appellant did not do any work upon the street except to fill up some holes with rock where his trucks had bogged down in the street in attempting to haul rock to a road he was constructing for the State Highway Department. Appellant testified that he did perform the work or a major portion of it, and stood ready to complete his contract, but was prevented from doing so by appellee. At the conclusion of the testimony, appellant requested the court to instruct the jury that, if they believed from the evidence that when he was ready to finish gravelling the road he was told by the members of the town council that a concrete road was going to be built through Minturn, and that on that account they did not desire any

more gravel placed on the road, and not to put any more on it, then he would be excused from further performance of his contract. The court refused to give that instruction. The court did instruct the jury that the issue was whether appellant had done the work agreed to be done, and that, since appellee admitted the execution and delivery of the warrant, the burden was upon it to show by a preponderance of the testimony that the work contracted to be done by appellant was not done and performed, and that, if the jury believed from a preponderance of the evidence that appellant had failed to comply with his contract by grading and rocking the road, it would be their duty to find for appellee; otherwise, to find for appellant. The jury found for appellee, upon which judgment was entered, and this appeal followed.

The only error assigned for a reversal of the case is the refusal of the court to give his requested instruction No. 1 above set forth. We think the court correctly refused to give this instruction, as the issue was not whether appellant was ready, willing and able to do the work contracted, but whether he had done it. He alleged that he had done so in his complaint, and the answer denied this allegation, and this made the issue to be submitted to the jury, which the court did under proper instructions.

We find no error, and the judgment is accordingly affirmed.