Charles A. VAUGHN *v.* Ronnie A. MORRIS and
Linda L. MORRIS, Husband and Wife

CA 83-329                                    671 S.W.2d 195

Court of Appeals of Arkansas
Division II
Opinion delivered June 27, 1984

*Ball & Lindsay,* by: *Wayne B. Ball,* for appellant.

*George M. Hunt, Sr.,* and *Esther M. White,* for appellees.

LAWSON CLONINGER, Judge. This is a case in which appellees, Ronnie A. and Linda L. Morris, sought specific performance of a sales contract for the sale of land and damages in the amount of $5,000 against the appellant, Charles A. Vaughn, and Virginia Vaughn, his wife. Appellant alleged that he was uncertain regarding the possession of appellees of the property described and asked that the complaint be dismissed. Appellant further alleged that appellees were put on actual notice of an adverse claim of possession to the lands which were the subject of the sales contract. After trial on April 28, 1983, the chancellor dismissed appellees' cause of action against Mrs. Vaughn and ordered the appellant, Charles A. Vaughn, to specifically perform the contract between the parties.

Appellant's first point for reversal is that the chancellor erred in granting specific performance. Specifically, he argues that appellees acquired their interest by virtue of a tax deed which was void and that the property was pasture land under fence and in actual possession of Leon Wilcox, who claimed titled adversely.

At trial, Mr. Vaughn testified that he entered into this contract with the intention of either selling the property to

his neighbor, Mr. Wilcox, or trading it to him for other property more desirable. When he approached Mr. Wilcox with the proposal, Mr. Wilcox indicated that he was not interested in purchasing the property because it already belonged to him. Appellant's attorney subsequently rendered a title opinion, to the effect that the tax deed was void and did not constitute color of title. The attorney further stated that the order of quiet title of June 11, 1979, would not be binding on the record owners since there was no actual or constructive notice given to them. He concluded that the title was "not only incomplete, but also not even insurable." Subsequently, appellees hired an attorney in order to make the title marketable. Addititional quitclaim deeds and an affidavit were recorded. Appellant's attorney then rendered a supplemental title opinion, stating that all requirements of his original title opinion had been met.

The chancellor found that appellees had provided marketable title within a reasonable time as provided by the contract. He further held that although he could not guarantee that Mr. Wilcox would not bring an action for adverse possession, he found that Mr. and Mrs. Wilcox recognized title of the property in the Morrises when they were parties in a lawsuit in July of 1980. Since Mr. Wilcox acknowledged that the Morrises owned the property, he cannot now claim title by adverse possession.

A party seeking specific performance of a contract must show that he has at all times been ready, able, and willing to perform his part of the contract, and that he has complied with the terms of the contract by performing, or offering to perform the acts which form consideration of undertaking on the part of the other party. *Lawson v. Taylor Hotels, Inc.,* 242 Ark. 6, 411 S.W.2d 666 (1967).

In *Holt v. Manuel,* 186 Ark. 435, 54 S.W.2d 66 (1932), the Arkansas Supreme Court stated that it will never compel a purchaser to take a title where "the point on which it depends is too doubtful to be settled without litigation, or where the purchase would expose him to the hazard of such proceedings; or, as it is usually expressed, it will not compel him to buy a lawsuit."

The court further stated:

> It is not sufficient to create a reasonable doubt that the owner might be exposed merely to idle litigation, but it must be a reasonable apprehension that the purchaser taking the title might be subjected to litigation of a substantial nature from which his title might be placed in jeopardy. In determining whether or not reasonable doubt exists, it appears to be the general rule that the opinion of an attorney that the title to property is bad is not sufficient to raise such a doubt, although, as in the instant case, the attorney may be one of admitted standing and ability. Such opinion that the title is invalid, if erroneous, will not justify the purchaser in receding from his contract. [cases omitted]. If it should appear to the court, upon generally familiar principles of law, that the title is valid, then the doubt as to the title would be unfounded, and there could be no basis for any reasonable apprehension that the purchaser would be subjected to substantial litigation.

In *Holt, supra,* the attorney, in his title opinion, based his opinion that the title was bad on the fact that minor heirs of a trust which was terminated were not properly served with process in the termination of the trust. The chancellor found that actual service was had on the minors and further a guardian ad litem was appointed in the cause for the minors. See also *Baugh* v. *Johnson,* 6 Ark. App. 308, 641 S.W.2d 730 (1982).

We find that the chancellor's decision is not clearly against a preponderance of the evidence. As was stated in *Holt, supra,* an opinion by an attorney that the title is not marketable, if erroneous, will not justify the purchaser in rescinding the contract. In this case, appellant's attorney initially found that the title was unmarketable, but later rendered a supplemental title opinion, stating that all requirements which he had set out in his initial opinion had been met. Further, the chancellor found that Mr. Wicox had recognized appellees' title to the property in a previous lawsuit and, therefore, any claim of adverse possession would be "idle litigation." We uphold the chancellor's

decision to grant appellees specific performance on the contract of purchase.

Appellant argues secondly that the chancellor erred in granting specific performance because the appellees sued appellant for a private roadway or access to the tract across other property owned by the appellant. He argues that this was inconsistent with one seeking specific performance, and cites *Walworth* v. *Miles*, 23 Ark. 653 (1861). A review of the pleadings and the transcript indicates that this argument was never raised in the trial court and cannot be considered on appeal. *Gregory* v. *Gordon*, 243 Ark. 635, 420 S.W.2d 825 (1967).

Appellees argue on cross appeal that they are entitled to pre-judgment interest. Although appellees-cross appellants asked for interest in their pleadings, we do not find in the record that they presented the issue to the chancellor. The chancellor specifically awarded interest from the date of judgment and no objection was raised. Cross appellants cannot now raise the issue on appeal. *Arkla Exploration Company* v. *Boren*, 411 F.2d 879 (8th Cir. 1969).

Affirmed.

CRACRAFT and COOPER, JJ., agree.