**Donna Loyce CAMP, a/k/a Donna Loyce Pearce, Appellant,**

v.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellee.**

**No. 85–1362.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided April 8, 1986.

R. Bynum Gibson, Dermott, Ark., for appellant.

Alan Humphries, Pine Bluff, Ark., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Donna Loyce Camp appeals an order of the district court [1] granting summary judgment for appellee, Commonwealth Land Title Insurance Company, on Camp's claim under her Commonwealth title insurance policy for damages due to the unmarketability of title to the insured property. Camp alleges that the house built upon the property she purchased is in violation of a restrictive covenant, common to all property in the subdivision in which the land is located, which requires that building floors be constructed at a minimum height above the flood plain elevation shown on the plat for the subdivision. She claims that because the house is built below this minimum elevation, the house regularly floods, causing damage, and she is subject to suit to enforce the covenant by any property owner of the subdivision. Therefore, she maintains, her title is unmarketable. The district court held that under Arkansas law a breach of this restrictive covenant does not affect marketability under the title insurance policy, and entered summary judg-

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

ment in favor of the insurer. Camp appeals, essentially reasserting those arguments raised in the court below. We affirm.

Camp purchased a new home for $51,000 cash in the Pinewood Subdivision in Pine Bluff, Arkansas, in November 1978. Commonwealth issued a title policy insuring her as owner against loss or damages sustained by reason of the unmarketability of title. The property was subject to a series of recorded restrictive covenants, one of which, Restrictive Covenant No. 5, provided in part: "Top of floor joist or minimum grade of floor slab of each house to be a minimum of one foot above floor plain elevation as shown on plat." A second restrictive covenant, Restrictive Covenant No. 7, permits any person owning land in the subdivision to bring suit to secure an injunction or damages against any other owner in the subdivision who violates or attempts to violate the restrictive covenants. Camp brought this action under the title policy claiming her property was unmarketable, as it was built below the minimum elevation and was in violation of this covenant.

In response to Commonwealth's motion for summary judgment, Camp filed affidavits establishing that the living room floor slab and the carport were constructed in gross violation of the restrictive covenant. Camp also submitted affidavits from two title examiners stating that violation of the restrictive covenants rendered the property unmarketable. Camp stated in her affidavit that she has listed the house for sale and has received no offers for it.

The district court reasoned that under Arkansas law, Camp had a valid claim only if the breach of the restrictive covenant

amounted to a cloud on the title, and thereby impaired marketability. The court concluded that the breach reduced the value of the property, but did not affect Camp's title to the property. Since the breach did not extinguish Camp's title to the property, or raise any reasonable doubt as to the validity of her title, the title was not unmarketable, the risk against which Commonwealth insured.[2]

On appeal Camp argues that the district court erred in finding that there was no question of material fact as to the marketability of her title. She points to the affidavits attesting that the house was built in violation of the restrictive covenant and is unmarketable, and to her statements that it is not habitable and has been listed for sale several times without offers. She contends, moreover, that she cannot sell the house or live on the property without violating the restrictive covenant, and therefore is exposed to suit to bring the property into compliance with the restrictive covenants for money damages. She argues that the district court erred in determining that she had failed to demonstrate that the title was unmarketable.

■ Summary judgment should be granted only when no genuine issue of material fact is present in the case and the moving party is entitled to judgment as a matter of law. *Mandel v. United States,* 719 F.2d 963, 965 (8th Cir.1983). The party against whom judgment was entered must be given the benefit of every doubt and every favorable inference that may be drawn from the record. *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984). This case is before us by virtue of the diversity of the parties, and Arkansas law governs. In diversity cases, the district court's interpretation of the law of the

---

2. The district court expressly reserved the question whether Camp could recover under the title policy when and if she found a buyer for the property who refused to close on the grounds

that the breach of the restrictive covenant raised reasonable doubts as to her ability to pass marketable title. In the present posture of the case, we have no reason to address this issue.

state in which it sits is entitled to great weight or deference. *Shidler v. All American Life and Financial Corp.*, 775 F.2d 917, 920 (8th Cir.1985); *Pyle v. Dow Chemical Co.*, 728 F.2d 1129, 1130 (8th Cir.1984).

▬ We are satisfied that the experienced district judge thoroughly examined the issues under prevailing Arkansas law and did not err in granting summary judgment. The purpose of title insurance is to protect a buyer of real estate from any damage or loss arising through defects clouding his title. *Bourland v. Title Insurance Co.*, 4 Ark.App. 68, 73, 627 S.W.2d 567, 570 (Ark.Ct.App.1982). The Arkansas Supreme Court has held that marketable title "is one which imports such ownership as enables and ensures to the owner the peaceable control and use of the property as against everyone else." *Holt v. Manuel*, 186 Ark. 435, 437, 54 S.W.2d 66, 66–67 (1932). To be marketable, title need only be free from reasonable doubt, not "ultimately prove impervious to assault." *Id.* at 437, 54 S.W.2d at 67. Reasonable doubt affecting marketability is said to exist where " 'there is uncertainty as to some defects appearing in the course of its deduction, and the doubt must be such as affects the value of the land, or will interfere with its sale.' " *Id.* at 437–38, 54 S.W.2d at 67 (quoting *Griffith v. Maxfield*, 63 Ark. 548, 551, 39 S.W. 852, 853 (1897)).[3]

▬ A violation of a restrictive covenant which results from a construction flaw in the property does not introduce a defect in the title: It creates no lien on the property or adverse interest in any other person. *See Davis v. St. Joe School District*, 225 Ark. 700, 284 S.W.2d 635 (1955). Although the breach undoubtedly affects the value of the land, and interferes with its salability, it is not as a result of any doubt as to who holds title to the property.

We think this case is governed by the Arkansas Supreme Court's decision in *Davis v. St. Joe School District*, 225 Ark. at 701, 284 S.W.2d at 637. There the court was required to determine the interest passed by a deed which conveyed the fee simple, subject to a restriction on the use of the property. The court held that the deed passed a fee simple absolute with a covenant binding the grantee to the specified use of the property. The court added that a breach of the covenant might give rise to an action for damages but would not extinguish the grantee's title. (Citing *Bain v. Parker*, 77 Ark. 168, 90 S.W. 1000 (1905)).

Although the covenant in *Davis* involved a use restriction, and the present case involves a construction restriction, the former would seem to pose a greater threat to the marketability of title.

▬ The district court did not err in its conclusion that Camp's title was not unmarketable within the meaning of the insurance policy. We affirm the judgment of the district court.

---

3. Camp argues that affidavits of the title examiners suggesting that the title is not marketable are sufficient to raise a reasonable doubt as to marketable title. The Arkansas Supreme Court has squarely rejected this contention. *See Holt*, 186 Ark. at 437, 54 S.W.2d at 67.