Donna COMBS, Personal Representative of the Estate of Glen Dale Combs, deceased, Plaintiff,

v.

KOCH INDUSTRIES, INC., and Metropolitan Life Insurance Company, Defendants.

No. 91–3302–CV–S–4.

United States District Court, W.D. Missouri, S.D.

March 17, 1992.

John J. Garrabrant, Mountain Grove, Mo., for plaintiff Donna Combs.

Rose A. Barber, Miller & Sanford, Springfield, Mo., for defendant Koch Industries, Inc.

Kenneth T. Walter, Mann, Walter, Burkart, Weathers & Walter, Springfield, Mo., for defendant Metropolitan Life Ins. Co.

## ORDER

RUSSELL G. CLARK, Senior District Judge.

Plaintiff, Donna Combs, as personal representative of the estate of Glen Dale Combs, deceased, filed a petition in the Circuit Court of Texas County, Missouri to recover the benefits of a life insurance policy on the life of Glen Dale Combs. The defendants are Koch Industries, Inc. ("Koch") and the Metropolitan Life Insurance Company ("Met"). The case was removed to this Court on the basis that the suit claimed benefits under Koch's Employee Welfare Benefit Plan and which is governed by the laws of the United States under the Employee Retirement Insurance Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The life insurance benefits provided under the Plan were funded through a group life insurance policy issued by Met.

Both defendants have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their motions defendants filed the affidavit of Paul Riemer, Jr., senior claims approver for Met, a copy of the certificate of insurance and Mr. Combs' enrollment for group benefits which was dated February 25, 1985 and named the beneficiary as Tonia Rae Combs, wife. Defendants have also filed the affidavits of Tonia Rae Combs and Juanita White stating that Tonia Rae Combs and Tonia Rae Beaver were one and the same person. Mrs. White is the mother of the deceased. Plaintiff has filed the affidavit of Donna

Jean Combs opposing the summary judgment motions.

The facts are brief and are not in dispute. When Glen Dale Combs enrolled in the benefit plan he was living with Tonia Rae Beaver but he was not and never was married to her.

About September 1985 the deceased was involved in a truck-train collision in which he received injuries which totally disabled him. He married Donna Combs on July 5, 1986 and she lived with him as his wife until his death on February 24, 1989. After the deceased became disabled Koch continued the premium payments on the life policy and it was in full force and effect at the time of the death of the insured. Glen Dale Combs never changed the beneficiary on the life policy. Donna Combs contends that she cared for the decedent from the time of their marriage until the time of his death. She also contends that the deceased did not know that the life insurance policy was being kept in force after he became disabled and therefore did not know that he should change the beneficiary. She also contends that there was no such person as Tonia Rae Combs and therefore policy benefits should have been paid into the estate of the deceased. Benefits under the policy were paid to Tonia Rae Combs on November 1, 1989.

There are well settled principles in ruling a motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. *Camp v. Commonwealth Land Title Ins. Company,* 787 F.2d 1258, 1260 (8th Cir.1986). However, because summary judgment remedy is drastic, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. *Umpleby v. United States,* 806 F.2d 812, 814 (8th Cir.1986). In addition, the party opposing summary judgment motions may not rest upon the allegations in their pleadings. The nonmovant must resist the motion by setting forth specific facts showing there is a genuine

issue of fact for trial. Fed.R.Civ.P. 56(e); *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984). In *Agristor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987), the Court stated that such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences to be drawn from the underlying facts. In *Celotex Corporation v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) the court held that summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

In ruling a motion for summary judgment, the Court does not decide material factual issues, rather it determines whether or not they exist. *Columbia Union National Bank v. Hartford Accident & Indemnity Company,* 669 F.2d 1210, 1212–13 (8th Cir.1982). Summary procedures are appropriate where the issues for resolution are primarily legal rather than factual. *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987), *cert. denied,* 484 U.S. 1010, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgment is appropriate. *Id.* at 585.

With these standards in mind, the Court will proceed to consider defendants' motion for summary judgment.

The policy of insurance provided (Section C):

> The beneficiary is the person or persons designated by the Employee on a form approved by the Insurance Company and filed with the records maintained by the Employer in connection with the insurance under the Group Policy. The Employee may change his Beneficiary at

any time by filing written notice thereof on such form with the Employer. Consent of the Beneficiary shall not be requisite to any change of beneficiary.

■ ERISA preempts state law as applicable to employee welfare benefit plans. *Simmons v. Diamond Shamrock Corporation,* 844 F.2d 517 (8th Cir.1988). State law can be used as a guide for fashioning federal common law as it relates to ERISA. *Brewer v. Lincoln National Life Insurance Company,* 921 F.2d 150 (8th Cir. 1990).

■ Plaintiff contends that after her husband's death she inquired of Koch if she was entitled to any benefits under the plan. Koch never responded to her inquiry. 29 U.S.C. § 1025 provides that each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing a statement indicating benefits that have accrued. 29 U.S.C. § 1002(2)(B)(8) provides: "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Donna Combs was not a beneficiary and since her husband, a participant, had died she could not become a beneficiary under the plan. Therefore, even if Koch was the administrator or the agent of Met as the administrator, there was no obligation to answer the inquiry of Donna Combs. Even if it should have responded to Donna's inquiry there was no prejudice to Donna as the interest in the life insurance policy vested in Tonia Rae Beaver at the very moment of the insured's death. *Whan v. Whan,* 542 S.W.2d 7 (Mo. App.1976).

■ Plaintiff's contention that there was no person by the name of Tonia Rae Combs, wife of the insured, and thus payment of the benefits should have been made to the insured's estate is without merit. In *Walker v. General American Life Insurance Company,* 141 S.W.2d 785 (Mo.1940) the issue before the Court was whether or not a policy of insurance should be paid to a person who was described as "wife" when in truth and in fact the person named is not the wife. The court held:

> On the other hand, it has been held that the misuse of the word 'wife' does not affect the right of recovery by the named beneficiary. In 60 ALR 977 the rule is stated as follows: 'It is uniformly held that where, in a life insurance policy * * * the status of the relationship to the insured, of the beneficiary named therein, is misdescribed, such incorrect designation being merely descriptive, descriptio personae, it does not prevent the person named and intended as beneficiary from receiving the proceeds under the policy.'

*Id.* at 788. This rule was followed in *Service Life Insurance Company of Ft. Worth v. Davis,* 466 S.W.2d 190 (Mo.App. 1971). The same result was reached in *Bynum v. Prudential Insurance Company of America,* 77 F.Supp. 56 (E.D.S.C. 1948) where the facts were almost identical to the facts in this case.

In *Bell v. Garcia,* 639 S.W.2d 185 (Mo. App.1982) the court stated:

> [P]rovisions governing the manner in which the beneficiary shall be changed are primarily for the benefit of the insurer or retirement system, in that it protects them against multiple liability where two or more conflicting claimants appear (citation omitted). Thus, the insurance company or retirement system may make payment to the designated beneficiary without fear of liability to a second claimant.

*Id.* at 190. This case is cited with approval in *Rosenblum v. Gibbons,* 685 S.W.2d 924, 930 (Mo.App.1984).

Plaintiff cites the case of *Capitol Life Insurance Company v. Porter,* 719 S.W.2d 908 (Mo.App.1986) in support of her claim. However in the *Porter* case the insured had affirmatively acted to change his beneficiary. In this case the insured took no affirmative action whatever to change the beneficiary.

Defendants have moved to strike portions of the affidavit of Donna Combs. This motion will be denied as moot.

**1378**

It is

ORDERED that the motion of defendants to strike portions of the affidavit of Donna Combs is denied; and it is further

ORDERED that the defendants' motions for summary judgment are granted and the Clerk is directed to enter summary judgment for the defendants.