CANARD v. STATE.

4818                                          283 S. W. 2d 685

Opinion delivered November 14, 1955.

*Ivan Williamson* and *Ben B. Williamson,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. This appeal involves the interpretation of Act 44 of 1953 [Ark. Stats., § 43-2324, Supplement] and its application to a situation where a person, upon a plea of guilty, is given a suspended sentence for one year in the penitentiary and the suspension is revoked by the trial judge more than a year later.

Appellant, Johnny Canard, on December 3, 1953, pled guilty to the crime of grand larceny in the Circuit Court of Stone County. At the same time the presiding judge signed this order ". . . Johnny Canard is hereby sentenced to serve one year in the state peniten-

tiary at hard labor, which sentence is hereby suspended on recommendation of all the parties hereto, upon the good behavior of the defendant for said period of time, and upon the payment of all the costs of this action.'' On the original criminal docket sheet, which is a part of the record, in the case styled ''State of Arkansas v. **Johnny Canard,**'' appears the following notation: ''12/3/53 D. waives arraignment—plea of guilty—suspended sentence of one year . . .''

On May 2, 1955 the presiding judge of the Stone Circuit Court, upon a showing by the prosecuting attorney that Canard had violated the conditions of his suspended sentence by law violations in February 1954 and by failing to pay the costs, revoked Canard's suspended sentence and ordered him to begin serving the sentence formerly announced. From this order of revocation Canard has appealed to this court.

We have reached the conclusion that, under the above factual situation, the trial court had no authority on May 2, 1955 to revoke the suspended sentence given appellant on December 3, 1953. This conclusion has been reached after a careful analysis of the various Acts of the Legislature relative to this situation and the interpretations placed thereon in our former decisions.

The first announcement of the Legislature relative to this matter was Act 76 of 1923. Section 1 of this Act gave *Circuit Courts* in criminal cases, upon a plea of guilty or a verdict of guilty, the authority ''to postpone the pronouncement of final sentence and judgment'' (emphasis supplied). Section 2 gave the trial judge the power to revoke the suspension and postponement mentioned in Section 1.

Act 158 of 1945 [Ark. Stats., § 43-2326] gave *all courts* of record authority ''to suspend the execution of jail sentences or the imposition of fines, or both in all criminal cases pending before said courts'' (emphasis supplied).

Act 262 of 1945 [Ark. Stats., § 43-2324] reënacted Section 1 of the 1923 Act above mentioned and added the following: "Such postponement shall be *in the form of a suspended sentence* for a *definite* number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension revoke the same and order execution of the full sentence" (emphasis supplied).

Act 358 of 1949 purported to amend Act 76 of 1923. The Act referred to Pope's Digest, § 4035, but evidently meant to refer to § 4053 which is the same as the 1923 Act. It provides that "all postponements of final sentences . . . shall run from the date of the plea or verdict of guilty and for the period of the statute of limitation for each offense and at the expiration of said period of limitation shall expire in like manner as if sentence had been pronounced."

In 1953 Act 44 was passed which is exactly like Act 262 of 1945 except that it applies to "criminal trials in *all courts* of record" while said Act 262 applied to "criminal trials in *Circuit Court*(s)" (emphasis supplied).

This court in the cases of *Davis* v. *State,* 169 Ark. 932, 277 S. W. 5, and *Ketchum* v. *Vansickle,* 171 Ark. 784, 286 S. W. 948 [both decided after the 1923 Act but before the 1945 Acts] made a clear cut distinction between (a) the act of postponing the date of pronouncing sentence and (b) the act of postponing the execution of a sentence already pronounced. The 1923 Act dealt with situation (a) while Act 158 of 1945 dealt with situation (b). Therefore it was held in the *Davis* case, supra, that where the trial court first pronounced sentence and then attempted to postpone the execution thereof the action was void and the defendant could later be made to serve out his sentence. In speaking of the 1923 Act the court there said: "Indeed, the Act only gives the circuit court authority to postpone the pronouncement of final sentence and does not give it authority to stay the execution of a sentence

already pronounced.'' In the *Ketchum* case, supra, the same factual situation obtained and the decision there was rested on the decision of the *Davis* case, supra. It is noted that in both of these cases the suspension was for an indefinite period of time.

In the case of *Calloway* v. *State,* 201 Ark. 542, 145 S. W. 2d 353, decided in 1940, the factual situation is not entirely clear. Apparently Calloway pled guilty and was sentenced to 10 years in the penitentiary with a provision that the *sentence* should be suspended during good behavior. This is much the same factual situation as that of the case under consideration. However when the court, within the 10 year period, revoked the suspended sentence the trial court apparently considered that it had only postponed the pronouncement of sentence because in referring to the same the order states: ''That pronouncement of such sentence should be suspended during the good behavior of defendant.'' This court treated the case as coming under the provisions of the 1923 Act and held that the trial judge had a right to revoke the suspension of sentence [before the 10 year period expired].

In the case of *Bodner* v. *State,* 221 Ark. 545, 254 S. W. 463, where apparently the sentence was pronounced and execution thereof suspended this court treated the case as coming under the provisions of Act 262 of 1945 [Ark. Stats., § 43-2324] and applied that statute.

A careful reading of some of the above mentioned decisions leaves the impression that a clear distinction has not at all times been made between (a) the act of postponing the pronouncement of the sentence and (b) the act of postponing the execution of a sentence already pronounced. However we are convinced, after a careful analysis of Act 44 of 1953 in its relation to all the previous Acts mentioned above, that no distinction need now be made, and that it is immaterial whether the trial court actually (a) postpones the pronouncement of the sentence or (b) postpones the execution of the sentence already pronounced. It is obvious that a great deal of confusion and hardship was inherent in the practice of

trial courts in giving *indefinite* suspensions, and that the Legislature, by enacting the several statutes set forth above, intended to remedy this situation. They accomplished this by providing [in the 1953 Act] that the suspended sentence should begin to run on the day of the plea or verdict of guilty and that it should terminate on a definite date fixed by the trial judge in the order of suspension. It is also provided in the last paragraph of Section 1 of the 1953 Act just how the suspension may be revoked. This paragraph reads: ''Provided however, the court having jurisdiction may at any time *during the period of suspension* revoke the same and order execution of the full sentence'' (emphasis supplied).

We think the facts in the case under consideration fall squarely within the provisions of Act 44 of 1953 as we have interpreted it above. Appellant's plea of guilty was received by the court on December 3, 1953 and on that day he was given a ''suspended sentence of one year.'' The trial court had the authority to revoke that sentence, either for bad behavior or for failure to pay costs, at any time previous ot December 3, 1954, but we think he had no authority to revoke it on May 2, 1955.

It is also argued by the State that the payment of costs was a condition precedent and that the suspended sentence did not start to run until the costs were paid. This contention of course cannot stand in the face of the statute which specifically says that the suspended sentence shall begin ''running from the date of the plea or verdict of guilty.''

The above views call for a reversal and dismissal of the judgment of the trial court, and it is so ordered.