E. E. GREGORY ET AL *v.* COURT GORDON ET AL

5-4386                                    420 S. W. 2d 825

Opinion delivered December 4, 1967

*William M. Lee* and *George E. Pike,* for appellants.

*Coleman, Gantt, Ramsey & Cox,* for appellees.

PAUL WARD, Justice. This is an action to invalidate the result of an election in Arkansas County which imposed a one mill tax on real and personal property to be used for the maintenance of a public library. The tax issue was submitted at the General Election held on November 8, 1966.

No testimony was introduced before the trial court, and the essential facts presently set out are either undisputed or were stipulated by the parties.

(a)   The tax issue was not presented to the voters in Stuttgart because that City had already voted a tax to maintain a municipal library.

(b)   A "proper" ballot, as prescribed by the Election Commissioners, should have been printed in this form:

FOR a one mill tax on real and personal property to be used for maintenance of a public county library service or system. (followed by a "box" to be used by the voter to indicate his choice.)

AGAINST (followed by the same words and "box" that follows "FOR" above).

(c)   Some of the printed ballots were "proper" and some had no "box" after "AGAINST" and also omitted the word "system". These ballots will be referred to as "defective" ballots.

(d)   "Proper" ballots were distributed to all "absentee" voters and to one voting precinct.

(e)   "Defective" ballots were distributed to the other twenty-one voting precincts.

(f)   The compilation of the votes (under supervision of the trial judge) reflects:

—For the tax                                    1506,

—Against the tax                          1035, and

—Not voting                                    1540.

On December 9, 1966 Court Gordon and others (residents and property owners of Arkansas County),

appellees, filed a complaint in circuit court against E. E. Gregory et al (Election Commissioners), appellants, alleging in substance that the use of "defective" ballots "operated as an obstruction to the free and intelligent casting of the vote" and created "a doubt as to how the election would have resulted if the ballots had not been defective". The prayer was, in essence, that "the said one mill tax be set aside" as "void and illegal". Appellants entered a general denial.

Following a hearing on the issue raised the trial court entered a judgment, holding: The relief sought by plaintiffs (appellees) is granted; the one mill tax is hereby set aside and held for naught, and; the one mill tax on real and personal property in Arkansas shall not be assessed.

For reversal appellants make two contentions: *One*, the suit was not filed in time; *Two*, the "defective" ballots did not affect "the free and intelligent casting of the vote"

*One.* It is here contended by appellants that the case must be reversed because appellees failed to comply with Ark. Stat. Ann. § 3-814 (Repl. 1956), but we see no merit in this contention.

The mentioned section, in material parts, reads:

"Whenever it shall appear by affidavit that an error or omission has occurred . . . in the printing of ballots, the Circuit Court . . . shall, upon the application of any elector, by order, require the County Election Commissioners to immediately correct such error . . ."

It is admitted by appellants that appellees' complaint was filed within the thirty-day period provided by law. The answer filed by appellants, in material part, reads:

"The defendants deny each and every allegation contained in the complaint of the plaintiffs and the amendments thereto."

As previously stated, no oral testimony was introduced. Consequently it definitely appears from the record that the matter of an "affidavit" was not raised by appellants in the answer or in the facts stipulated by the parties.

This Court has many times held that an objection not raised in the trial court cannot be raised for the first time on appeal. This rule is particularly applicable here. If the matter of an "affidavit" had been raised in the trial court or in the stipulations appellees might have been able to supply the same. This Court does not know, and will not presume, appellees could not have done so.

*Two.* The other point relied on by appellants is stated as follows:

"Errors appearing on the face of a part of the ballots . . . were insufficient to effect an obstruction to the free and intelligent casting of the vote or to the ascertainment of the result."

Again, for reasons presently stated, we do not agree.

First, we call attention to the following statutes which are applicable here. They all appear in Ark. Stat. Ann. (Repl. 1956)

§ 3-811
"All election ballots provided by the County Election Commissioners of any county in this State for any election *shall be alike* . . ." (Emphasis Supplied).

§ 3-822
"Upon receiving his ballot, the voter *shall* proceed

to mark it by placing an 'X' *in the appropriate squares . . .''* (Emphasis Supplied).

It is not denied that about 95% of the voters in this election were furnished "defective" ballots. Also, the record reflects that there were 3970 votes cast in the Governor's race; that on five other issues the percentage of votes (based on 100% for Governor) ranged from 83% to 96%; and, that on the "tax" issue only 61% voted. The record further reflects that where "proper" ballots were furnished 87% voted on the "tax" issue, but where "defective" ballots were furnished only 60% voted.

In 29 C. J. S., Elections, § 173, page 486, we find this statement:

"An Election for the submission of a proposition will be invalidated by failure to follow the prescribed form in a matter of substance, as, for example, failure to afford the voter an opportunity unmistakably to vote in the negative on the proposition submitted, and the defect cannot be cured by the statement of a majority of the electors that they voted in favor of the proposition."

At page 487 it is further stated:

". . . the test to be applied is whether the ballot used gives the voter as clear an alternative to vote for or against the proposition *as is given by the statutory form.''* (Emphasis ours.)

The real issue before the trial court was whether the use of the "defective" ballots caused, or reasonably may have caused, some voters not to vote or to vote for the "tax". The trial court held this to be the result. We cannot say the trial court erred in so holding.

Affirmed.