Ralph CANTRELL *v.* STATE of Arkansas

CR 75-135                    529 S.W. 2d 136

Opinion delivered November 10, 1975

*Don Langston*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. This proceeding to revoke appellant's probation arises from undisputed facts and presents solely a question of statutory construction. Appellant first came before the trial court on a burglary and grand larceny charge in 1969. The trial court refused to accept appellant's guilty plea, however, and instead placed him on "court probation" for three years.[1] In September,

---

[1] Under the "court probation" procedure, the trial court retains jurisdiction over one admittedly guilty of a felony, but gives him a chance to rehabilitate himself, by a formal refusal to accept his guilty plea. By retaining jurisdiction, however, the trial court can revoke the "probation" by accepting the plea at a later time, if the person commits another offense.

1970, appellant committed a second burglary, and this offense resulted in the court rendering two separate sentences for appellant. With respect to the 1969 burglary, the trial court revoked appellant's "court probation" by accepting his plea of guilty, and placing him on probation for a period of five years, dating from September, 1970, in accordance with the provisions of Ark. Stat. Ann. § 43-2331 (Supp. 1973).[2] In respect to the 1970 burglary, the trial court sentenced appellant to three years, with two suspended. In April, 1975, appellant was convicted in the Fort Smith Municipal Court of possession of marijuana, driving without a driver's license, and failure to answer a summons, and the prosecuting attorney petitioned the trial court to revoke appellant's probation on the 1969 offense. The trial court granted the petition and sentenced appellant to four years in the Department of Correction. From the judgment so entered, appellant brings this appeal, arguing that the length of his probation for the 1969 burglary violated the five-year limit placed on probation by Ark. Stat. Ann. § 43-2331 (Supp. 1973).

We do not agree with appellant in his argument. The controlling Arkansas decision on the question of "court probation," utilized by the Sebastian County Circuit Court on the 1969 charge, is *Maddox v. State*, 247 Ark. 553, 446 S.W. 2d 210. There, the trial court postponed the acceptance of Maddox's guilty plea for one year, conditioned upon his good behavior. Within two months, Maddox had committed other crimes, and the trial court revoked the "court probation" and accepted his plea of guilty to the initial charge, giving him a twelve year sentence. Maddox appealed, contending that because the trial court had given him a "one year probation," he could not be sentenced to any period longer than one year. We rejected the argument, holding that the use of "court probation" to postpone acceptance of a guilty plea did not limit the trial court's discretion as Maddox later violated the terms of the probation. This was the principal question in *Maddox, i.e.,* whether the court was limited to its one year probation, or had the authority to render the sentence that was rendered. We said that the controlling fact is *when* the plea is *accepted.* Further, from the opinion:

---

[2]The court could also have rendered this sentence under Ark. Stat. Ann. § 43-2324, and actually did not state which section was invoked.

"We perceive no language in this statute nor in any case cited to us that limits the power and the discretion of the trial court to delay the acceptance of a plea. In the case at bar we cannot say that one year is an unreasonable length of time[3] to defer acceptance of a plea. \*\*\*

"Should we accept appellant's argument we would circumscribe and severely handicap our trial judges in their efforts to determine when their trust and compassion should be exercised for the ends of justice and the best interest of the public as well as the defendant. The future of deserving individuals, especially youthful offenders, who come before our sentencing courts should not be jeopardized by such a narrow construction as urged by the appellant. Nor do we agree with the appellant that the sentence imposed is excessive since it exceeded one year. The sentence was within the statutory limits which are from 1 to 21 years."

The cited language explains clearly the benefits of "court probation," and we observe no reason why we should now render the narrow construction suggested by appellant.

The facts in the instant case and *Maddox* are virtually identical, each case involving the same informal "court probation" procedure. Only the statute cited by appellant is different — § 43-2331 instead of § 43-2324. However, *Maddox* still controls because the applicability of § 43-2331, limiting probation to five years, is conditioned upon the very first line of that section, "*Upon entering a judgment of conviction* \*\*\* the court may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." [Our emphasis.] No *judgment of conviction* for the first offense was entered until September, 1970, and the period of probation for that first offense thus *commenced* in September, 1970. It is readily apparent that the April, 1975 offense was clearly within that five year period.[4]

---

[3] Nor can we say that three years is an unreasonable length of time.

[4] Actually, it appears that the court had been very lenient with Cantrell. In June, 1973, a petition was filed requesting that probation be set aside

Affirmed.

BYRD, J. dissents.

because of the fact that Cantrell had been convicted in Municipal Court at Fort Smith for the offense of DWI and no driver's license, being fined in the sum of $173.00. The court, however, did not revoke the probation. Again, in April, 1974, Cantrell was convicted of disturbing the peace and public drunkenness, fined $75.00 for the former offense and $50.00 for the latter, and the prosecuting attorney sought revocation of the probation. This petition was also denied.