Byron CULPEPPER *v.* STATE of Arkansas

CR 80-35                                                595 S.W. 2d 220
Supreme Court of Arkansas
Opinion delivered March 17, 1980

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Chief Appellate Attorney, for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant entered a plea of guilty on January 22, 1979, to the charge of burglary. The court sentenced appellant to "five (5) years suspended with three (3) years probation; all conditioned on good behavior, steady employment and support of his family," as reflected by judgment entered on the same date. Four months after appellant was sentenced, the State petitioned the court to revoke his probated sentence on the grounds that he had violated the terms of his probation by committing the offense of aggravated robbery. On June 6, 1979, the court granted the petition to revoke the suspended and probated sentence entered on January 22 and sentenced appellant to 15 years imprisonment. Alleging that the trial court erred in increasing his sentence from 5 years to 15 years, appellant brings this appeal.

The appellant alleges that the law is unclear and confusing concerning sentencing since the Criminal Code was adopted and that he was denied due process by failure of the trial court to adequately advise him of the potential maximum sentence if he violated the terms of his suspended sentence or probation. We acknowledge that when the Criminal Code became effective on January 1, 1976, the failure of the Act to expressly repeal conflicting previous statutes has led to considerable confusion in this area of our criminal law. Prior to the adoption of the Criminal Code, the trial court, in addition to authority to place a defendant on probation, clearly had authority to either:

(1) Suspend execution of jail sentences pursuant to Ark. Stat. Ann. § 43-2326 (Repl. 1977):

Hereafter, all courts of record in this State shall have the authority to suspend the execution of jail sentences or the imposition of fines, or both, in all criminal cases, pending before said courts.

or

(2) Postpone pronouncement of final sentence and judgment pursuant to Ark. Stat. Ann. § 43-2324 (Repl. 1977):

Whenever, in criminal trials in all courts of record, a plea of guilty shall have been accepted or a verdict of guilty shall have been rendered, the Judge trying the case shall have authority, if he shall deem it best for the defendant and not harmful to society, to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable as to probation of the person convicted, the restitution of the property involved, and the payment of the costs of the case. Such postponement shall be in the form of a suspended sentence for a definite number of years, running from the date of the plea or verdict of guilty and shall expire in like manner as if sentence had been pronounced; provided however, the Court having jurisdiction may at any time during the period of suspension revoke the same and order execution of the full sentence.

In *Canard* v. *State*, 225 Ark. 559, 283 S.W.2d 685 (1955), the court construed these two statutes and pointed out that although previous decisions had sometimes made distinctions:

. . . no distinction need now be made, and that it is immaterial whether the trial court actually (a) postpones the pronouncement of the sentence or (b) postpones the execution of the sentence already pronounced.

Ark. Stat. Ann. § 43-2331 (Repl. 1977) adopted by the legislature in 1973 also made no distinction:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, the circuit court in which such judgment is entered, when satisfied that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby . . ., *the court may suspend the imposition or execution of sentence* and place the defendant on probation for such period and upon such terms and conditions as the court deems best. (Emphasis added).

A distinction does now exist, however, due to the adoption of the Criminal Code, a portion of which provides in Ark. Stat. Ann. § 41-803 (Repl. 1977) as follows:

(1) No defendant convicted of an offense shall be sentenced otherwise than in accordance with this Article [§§ 41-801 — 41-1309].

(4) If a defendant pleads or is found guilty of an offense other than capital murder, *the court may suspend imposition of sentence* or place the defendant on probation, in accordance with Chapter 12 of this Article . . . §§ 41-1201 — 41-1211 [emphasis added].

All sentences are controlled by its provisions and, therefore, any provisions of the prior law that are inconsistent are repealed by implication. Inasmuch as the statute only authorized the court to suspend *imposition* of sentence or place the defendant on probation, the suspension of the *execution* of sentence if no longer authorized and § 43-2326 is repealed by implication. Ark. Stat. Ann. § 43-2324 has been superseded by recodification into several different parts of the new Criminal Code and is also repealed by implication. Finally, § 43-2331, insofar as it conflicts with the provisions of the Criminal Code and specifically insofar as it authorizes the suspension of the execution of sentence is repealed by implication.

We agree with appellant that he is entitled to know the effect of his sentence. This is clearly the spirit of the Code which now requires in Ark. Stat. Ann. § 41-1203(4) (Repl. 1977) that the defendant be given a written statement explicitly setting forth the terms of the suspension of imposition of sentence or probation; and whereas trial courts have typically used the phrase "on good behavior" in the past, § 41-1203(1) requires as an express condition of every suspension or probation that the defendant "not commit an offense punishable by imprisonment during the period of suspension or probation." The Criminal Code did not repeal Ark. Stat. Ann. § 43-2305 (Repl 1977) which provides:

The law in relation to the punishment, pains and

penalties of all persons when convicted, so far as relates to them, and the sentence, shall be read to each convict, and the consequences fully declared to him, so that such person so convicted and sentenced, shall in no instance be deemed ignorant of the sentence pronounced on him.

There is a substantial difference between advising a defendant that he is sentenced to 5 years suspended subject to certain behavioral requirements and in advising a defendant that the imposition of sentence will be suspended or postponed for 5 years conditioned on the same behavioral requirements. If the appellant had been sentenced in compliance with § 41-803 by the suspension of the *imposition* of sentence, rather than by the suspension of the *execution* of sentence, the trial court could have sentenced him to 15 years imprisonment upon revocation of the suspension, as is authorized by Ark. Stat. Ann. § 41-1208(6):

If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on defendant that might have been imposed originally for the offense of which he was found guilty . . .

We should, however, acknowledge that § 41-1208(6) was partially repealed by implication in 1979. The legislature amended Ark. Stat. Ann. § 43-2332 (Repl. 1977) which otherwise deals with the duties, authority and salaries of a probation officer and limited the sentence authorized upon revocation of *probation:*

Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any *lesser* sentence which might have been originally imposed. (Emphasis added).

In an effort to further clarify the confusion between the Criminal Code and previous statutes, we point out that the suspension of imposition of sentence *and* probation, as was apparently intended by the trial court, is at variance with the Code. Reference is made throughout the Code to suspending imposition of sentence *or* placing the defendant on probation,

but in no instance do we find provision for both.[1] Both terms are defined in Ark. Stat. Ann. § 41-801 (1) and (2), and although both definitions require that the defendant be released "by the court without pronouncement of sentence" (in contradition to the actions of the trial court in this case), the two cannot occur simultaneously, as the former is "without supervision" and the latter requires "supervision of a probation officer."

The decision of the trial court is accordingly modified and the sentence of appellant is reduced from 15 years to 5 years.

---

[1] The reference in Ark. Stat. Ann. § 41-1206(2) (Repl. 1977) to "multiple periods of suspension or probation" is applicable only to multiple offenses.