David JEFFERSON *v.* STATE of Arkansas

CR 80-139                                    606 S.W. 2d 592
Supreme Court of Arkansas
Opinion delivered October 27, 1980

*E. Alvin Schay*, State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. In September of 1978, following appellant's negotiated plea of guilty to charges of burglary and theft of·property, the trial court sentenced

appellant by pronouncing a seven year sentence, suspending execution and placing appellant on probation for five years. Within eleven months of this sentence, appellant was again charged and convicted of burglary. For this burglary, the trial court imposed a seven year sentence, revoked appellant's suspended and probated sentence, and imposed an additional seven year sentence, the sentences to run concurrently. On appeal, appellant's sole contention is that the trial court erred in sentencing him on the revocation to more than five years, the term of his probation.

While only presenting a "no merit" argument as to the sufficiency of the evidence to sustain the burglary conviction, appellant argues that the alleged sentencing error on his revocation is not harmless because of the possibility that the burglary conviction might someday be reversed. Since we agree, as does the state, with the "no merit" argument and find substantial evidence to support the conviction of burglary, we have some difficulty perceiving any harm to appellant as a result of the seven year concurrent revocation sentence. However, since appellant still has avenues of post-convictin relief available to challenge his burglary conviction, we shall indulge the possibility, however slight, of prejudice.

Appelllant's argument concerning the length of the revocation sentence stems from the failure of the trial judge to comply with the applicable statutory provision in sentencing him in 1978. Although the trial court could have suspended the imposition of sentence *or* placed the appellant on probation, it could not do both since suspension is without supervision and probation requires the supervision of a probation officer. Ark. Stat. Ann. § 41-801(1) and (2) (Repl. 1977); *Culpepper* v. *State*, 268 Ark. 263, 595 S.W. 2d 220 (1980). Moreover, the trial court could not release appellant by pronouncing sentence and suspending execution but could only release him by postponing pronouncement of sentence for a specified period of suspension or probation. *Culpepper* v. *State, supra*. This limitation on the method of sentencing enables the trial judge to impose any sentence which could have originally been imposed for the offense upon violation of the terms of a suspension of imposition of sentence or of a

probated sentence, and is intended to serve as a stronger deterrent against further criminal conduct.

Although the trial judge originally improperly sentenced appellant, we fail to perceive any justification for limiting his sentence on revocation to five years. In fact, had the judge not improperly pronounced a sentence of seven years, appellant's sentence on revocation could have been as great as twenty years. Ark. Stat. Ann. § 41-901 (1)(b) (Repl. 1977); *Culpepper* v. *State, supra.* There is absolutely no basis upon which to assert that appellant might have believed his five year probationary period was the extent of his jeopardy on the original sentence since his sentence of seven years suspended with five years probation was negotiated with the prosecuting attorney by appellant's defense counsel. The clear implication of the original sentence was incarceration of seven years for a probation violation within five years. Appellant violated his probation within one year and was appropriately committed to the penitentiary for seven years. If any prejudice from the trial judge's sentencing error occurred, it was to the interests of the state, not appellant's.

Affirmed.