John Wayne McGEE *v.* STATE of Arkansas

CR 80-152                                    609 S.W. 2d 73
Supreme Court of Arkansas
Opinion delivered December 22, 1980.

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein,* Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. In January 1980, after appellant allegedly committed the offense of theft of property on December 16, 1979 and the offenses of felon in possession of a firearm, rape, and burglary approximately one week later on December 22, the prosecuting attorney filed a petition to revoke a probation and a suspended sentence which he had received in 1976 and 1979, respectively. The 1976 probation grew out of a plea of nolo contendere to a charge of theft of property in which the court postponed the pronouncement of sentence and placed appellant under supervision for a period

of four years. The suspended sentence stems from a revocation on October 26, 1979 of another probation which the court had granted for three years in connection with a guilty plea on June 6, 1979 to a charge of felon in possession of a firearm. The suspended sentence resulted when the court revoked the 1979 probation and imposed a sentence of five years, suspending all but 119 days, which had already been served, for burglary and theft of property allegedly committed by appellant on June 19, 1979.[1]

After several hearings on the prosecutor's revocation petition, the court eventually revoked appellant's probation and suspended sentence, imposing a total prison term of nine years, five years for violating the terms of his 1976 probation and four years for violating the terms of his 1979 suspended sentence. Now on appeal appellant's sole contention is that the trial court erred in sentencing him on the two revocations to more than 7 years, the combined terms of his 1976 and 1979 probations.

We do not reach appellant's argument in regard to the revocation of the three year 1979 probation since no objection to the revocation and imposition of a five year suspended sentence was raised in the trial court. Having accepted the sentence, appellant now has no legal standing to complain. See *Gregory* v. *Gordon*, 243 Ark. 635, 420 S.W. 2nd 825 (1967). However, appellant's objection in regard to the revocation of his 1976 probation was timely raised and, therefore, must be considered on its merits.

The appellant's sentence challenge grows out of our decision in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W. 2d 220 (1980). In *Culpepper* the trial court revoked a five year suspended sentence with three years probation and imposed a 15 year prison term because the defendant violated the conditions of his suspended and probated sentence. Recognizing that the defendant not only did not appreciate the extent of his jeopardy at the time he received his suspend-

---

[1]The trial court actually improperly sentenced appellant since it suspended execution of a pronounced sentence, a method of sentencing which the 1976 Criminal Code no longer sanctions. See Ark. Stat. Ann. § 41-801(1) (Repl. 1977).

ed and probated sentence, but that the 1976 Criminal Code no longer allowed the suspension of execution of a sentence, or a combined suspended and probated sentence, we limited the trial court on revocation to the sentence actually pronounced, five years. We also emphasized that a trial court could only release a defendant by postponing pronouncement of sentence for a specified period of suspension or probation. Although the trial court here postponed pronouncement of sentence for a specified period of probation, four years, appellant contends that the specified period of probation represents a "sentence imposed" which limits the trial court on any revocation.

Appellant's argument is grounded in a 1979 Amendment to Ark. Stat. Ann. § 43-2332 (Repl. 1977), which provides in part:

> As speedily as possible, the probationer shall be taken before the court having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the *sentence imposed*, or any lesser sentence which might have been originally imposed. (Emphasis supplied)

The appellant seizes upon the words, "sentence imposed," arguing that they mean the period of probation, and seeks to limit the trial court upon any probation revocation to the term of the probation. In essence, appellant employs this language to sanction reinvesting the trial court with the authority to release a defendant on probation by pronouncing sentence and suspending execution. This view was obviously rejected in *Jefferson* v. *State*, 270 Ark. 909, 606 S.W. 2d 592 (1980), where we recently recognized that specifying a period of probation in no way limited a trial court on revocation when no sentence had been imposed or pronounced. Nothing that we said in *Culpepper* v. *State, supra*, was meant to suggest otherwise. Under the 1976 Criminal Code, a sentence is not imposed until the court pronounces a fixed term of imprisonment as opposd to simply specifying a definite period of time of probation. See Ark. Ann. § 41-801(2) and 41-1208(6) (Repl. 1977. The 1979 Amendment to Ark. Stat. Ann. § 43-2332 (Repl. 1977) was obviously intended to merely effect a

change in the salary administration of probation officers, although there was another variance in language between the original and amended version which is not material to this case. The amended statute, therefore, must be construed along side other relevant provisions of the Criminal Code and reconciled to effect the legislative intent of the combined whole. See *City of Fort Smith* v. *Brewer*, 255 Ark. 813, 502 S.W. 2nd 643 (1973); *Cook* v. *Bevill*, 246 Ark. 805, 440 S.W. 2nd 570 (1969); *Bond* v. *Kennedy*, 213 Ark. 758, 212 S.W. 2nd 336 (1948). Unquestionably, the legislature did not intend Ark. Stat. Ann. § 43-2332 (Supp. 1979) to effect a basic change in probation procedures or prohibit a court from releasing a defendant on probation for a prescribed period of time without pronouncing sentence. The words, "sentence imposed," therefore, presume that a sentence has been pronounced. In the appellant's case, none was pronounced until his four year probation was revoked. Therefore, since no sentence was imposed at the time appellant was placed on probation, the language in Ark. Stat. Ann. § 43-2332 (Supp. 1979) has no application and provides him no relief.

Affirmed.

FOGLEMAN, C.J., concurs.

PURTLE, J., not participating.

JOHN A. FOGLEMAN, Chief Justice, concurring. I concur. Whatever may have been the effect of the Criminal Code upon Ark. Stat. Ann. §§ 43-2326, 43-2324 or 41-1208(6) (Repl. 1977), no legislation has in any way impaired or abolished court probation in which the circuit court's probation postpones acceptance of a guilty plea, retaining jurisdiction, but giving the accused an opportunity to rehabilitate himself. This type of probation was recognized in *Cantrell* v. *State*, 258 Ark. 833, 529 S.W. 2d 136, and *Maddox* v. *State*, 247 Ark. 553, 446 S.W. 2d 210. As we said in *Maddox*, we perceived no language in the statutes then in force which limited the power and discretion of the circuit court to delay the acceptance of a guilty plea. The same circuit court whose action was questioned in *Maddox* and *Cantrell* is the court from which this appeal is taken. Obviously, that court thinks that subse-

quent legislation has not affected its powers and discretion in imposing "court probation." I perceive no language in the statutes adopted after *Cantrell* was decided that limits that power and discretion. There is no doubt in my mind that the General Assembly could expressly limit or abolish the court probation by postponing a decision whether or not to accept a guilty plea. I insist that it has not.

The fact that the imposition of a fine seems inconsistent with the court's declination to accept appellant's guilty pleas is immaterial because the court made it clear that if probation was revoked, the guilty pleas would be accepted and he would then be sentenced.

The mere fact that appellant's plea statements indicated that the prosecuting attorney's recommendation of probation depended upon the payment of a fine in both cases is immaterial. No mention of the fine is included in the statement of the court respecting probation in one of the cases (No. 76-83). Even if there were an apparent inconsistency, the fact would still remain that the pleas of appellants had not been accepted in either case.

I have referred to appellant's pleas as pleas of guilty. The fact that the plea in one case (No. 76-83) was actually nolo contendere is immaterial.