Ray Jackson QUEEN, a/k/a Jackie QUEEN
*v.* STATE of Arkansas

CR 80-177                              612 S.W. 2d 95

Supreme Court of Arkansas
Opinion delivered February 16, 1981
[Rehearing denied March 23, 1981.]

930

*Robert S. Blatt*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order revoking a suspended sentence entered by the Sebastian County Circuit Court.

Ray Jackson Queen had several convictions in the Sebastian County Circuit Court which resulted in suspended prison sentences. The prosecuting attorney, alleging several instances of misconduct by Queen, filed a petition to revoke those sentences.

After a hearing, the court concluded that two suspended sentences should be revoked, one in 1974 for ten years and one entered in 1976 for five years. The revoked sentences were to run concurrently.

On appeal Queen alleges five errors. First, he challenges the legality of the suspended sentences. Second, he argues that inadmissible evidence was used against him. Third, he contends that his misconduct did not warrant revocation. Fourth, he argues that the revoked sentences were excessive for his misconduct and, finally, that the trial court failed to give a written reason for the revocation. We find that one revoked sentence was improper and the other was excessive and we modify the sentence. We find no other errors.

The petition to revoke alleged that Queen had at least five suspended sentences. Three separate cases dated back to 1970 when Queen was placed on probation. Court orders in

1974 changed these probation orders to suspended sentences. Queen had a conviction for assault with intent to kill in 1976 with a partial suspended sentence. At the conclusion of the hearing in the present case, the trial judge stated that he would only consider two suspended sentences, the ten-year suspended sentence in connection with a burglary conviction that dated back to 1970 and the five-year suspended sentence imposed in 1976 in connection with the assault charge.

In 1970 Queen *pled guilty* to burglary and was sentenced to five years' statutory "probation." This probationary period was revoked in 1974 and Queen was sentenced to ten years imprisonment with the sentence suspended. This was clearly improper according to *Maddox* v. *State*, 247 Ark. 553, 446 S.W. 2d 210 (1969) and *Cantrell* v. *State*, 258 Ark. 833, 529 S.W. 2d 136 (1975). In those cases we dealt with "court probation" as imposed by the Sebastian County Circuit Court and we held in both that where the plea of guilty *was accepted*, a later revocation could not exceed the probation period. Here, the plea was accepted and the term of probation was five years. Consequently, a later suspended sentence for ten years was improper.

The other sentence revoked is one imposed in 1976 after the criminal code was adopted. On February 26, 1976, Queen entered a *nolo contendere* plea to assault with intent to kill. According to the docket sheets and commitment order the court sentenced Queen to five years imprisonment with three years suspended — not five as the judge supposed. Undoubtedly the court was confused because there were so many cases before it, but the documents show that only three years were suspended and not five. The State virtually concedes this. Since the court originally imposed a five-year sentence and suspended three years of that sentence, it could only revoke the three-year suspended sentence. *McGee* v. *State*, 271 Ark. 611, 609 S.W. 2d 73 (1980). Consequently, judgment in this case will be modified so that Queen is ordered to serve only three years imprisonment.

The appellant also makes the argument that this three-year suspended sentence was illegal because it was imposed consecutive to another ten-year sentence that was illegal.

That argument is irrelevant because it was not ordered revoked after the ten years had run; it was ordered revoked during the five-year term originally imposed.

Queen argues that evidence used against him was obtained in an unlawful search. The police received a call that there had been a shooting and proceeded to the area of the shooting. After inquiry they came upon a vehicle in the yard of a residence. Several people were getting into the vehicle or were standing around it. All had been drinking. According to one officer three people were in the car and Queen was one of those people. The people were "huddled" together. The police officers asked them to get out and found a loaded shotgun in the front floorboard. On the porch of a nearby residence they found three shotgun shells which they seized. According to the testimony the safety was off on the shotgun and the gun was ready to fire. It appeared that the three people in the car were trying to hide the gun. The seizure of these articles did not violate the constitutional prohibition against unreasonable search and seizure. The exclusionary rule, as it is applied in most cases, does not apply to every criminal proceeding. *United States* v. *Winsett*, 518 F. 2d 51 (9th Cir. 1975); *Harris* v. *State*, 270 Ark. 634, 606 S.W. 2d 93 (Ark. App., 1980). We recently held that it does not apply to a revocation proceeding. *Lockett* v. *State*, 271 Ark. 860, 611 S.W. 2d 500 (1981).

The evidence of misconduct consisted of a conviction for driving while intoxicated and carrying a prohibited weapon in January, 1980. A month later Queen was found to be publicly drunk in a car that was driving the wrong way on a one-way street. According to officers this car attempted to elude the officers when they pursued it. There was evidence Queen was again intoxicated and involved in disorderly conduct in the shotgun incident. Ark. Stat. Ann. § 41-1208 (4) (Repl. 1971) provides:

If the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

In Queen's case, the suspended orders read in part:

1. You must not violate any law, federal, state or local. If arrested or questioned by law enforcement officers you are to report the matter without delay to the Probation Office, Third Floor, County Court House, Fort Smith, Arkansas, in person or by letter, giving full details of the event.

2. You must not associate with persons who have criminal records, or who are known as bad characters.

3. You are to stay out of beer joints or other places or parts of town where the wrong kind of people may be found.

We cannot say the court was clearly wrong in its findings.

The final argument that the trial judge failed to make written findings must fail for want of an objection. *Lockett* v. *State, supra*. The judgment is modified.

Affirmed as modified.