Lester EASLEY *v.* STATE of Arkansas

CR 81-89                                   623 S.W. 2d 189

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*Wright & Chaney, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

Robert H. Dudley, Justice. This case involves the interpretation of the statutes which dealt with probation and suspension of criminal sentences in 1973. It is certified to us by the Court of Appeals pursuant to Rule 29 (1) (c) of the Rules of the Supreme Court. Ark. Stat. Ann. Vol. 3A (Repl. 1977 and Supp. 1981).

On January 19, 1974, the trial court accepted appellant's guilty plea for having committed grand larceny on November 22, 1973. The order states that appellant "... was sentenced to a period of five years, this being probated and

conditioned on good behavior . . . " On April 11, 1978, the State filed a petition to revoke the probation. On January 10, 1979, the probation was revoked, the appellant was sentenced to five years imprisonment and " . . . execution of sentence is hereby stayed and [appellant] is placed on probation for a period of five years . . . " On March 22, 1979, the State moved for revocation of the suspension of the serving of the sentence. The appellant objected and on February 3, 1981, more than five years from the date of accepting the guilty plea, the trial court revoked the suspension and ordered the appellant imprisoned.

The sentencing procedure is controlled by the statutes in effect on the date of the commission of the crime. Art. 2, § 17, Constitution of Arkansas. *Taylor* v. *Governor*, 1 Ark. 21 (1837).

In 1974 the appellant was sentenced to a period of five years and placed on probation. Ark. Stat. Ann. § 43-2331 (Repl. 1977), adopted by the General Assembly in 1973 and effective at the date of the commission of the crime, provided that the court could accept the plea, suspend imposition of sentence and place the defendant on probation. Therefore the first sentence was a valid one. After 4 years and 11 months had passed, the court still had the authority to revoke the probation and require him to serve the remainder of the sentence imposed. Ark. Stat. Ann. § 43-2332 (Repl. 1977). However, a second sentence cannot be imposed at a revocation hearing. See *Canard* v. *State*, 225 Ark. 559, 283 S.W. 2d 685 (1955).

The case of *Queen* v. *State*, 271 Ark. 929, 612 S.W. 2d 95 (1981) had a factual situation remarkably similar to the present case. The statutes in effect in 1970 and interpreted in *Queen*, supra, are identical to the 1973 statutes involved in the present case. In interpreting the law in effect in 1970, we said:

In 1970 Queen *pled guilty* to burglary and was sentenced to five years' statutory "probation." This probationary period was revoked in 1974 and Queen was sentenced to ten years imprisonment with the

sentence suspended. This was clearly improper according to *Maddox* v. *State,* 247 Ark. 553, 446 S.W. 2d 210 (1969) and *Cantrell* v. *State,* 258 Ark. 833, 529 S.W. 2d 136 (1975). In those cases we dealt with "court probation" as imposed by the Sebastian County Circuit Court and we held in both that where the plea of guilty *was accepted* a later revocation could not exceed the probation period. Here, the plea was accepted and the term of probation was five years. Consequently, a later suspended sentence for ten years was improper.

We have consistently held that sentencing procedures are controlled by statute. *Holden* v. *State,* 156 Ark. 521, 247 S.W. 768 (1923); *Davis* v. *State,* 169 Ark. 932, 277 S.W. 5 (1925); *Culpepper* v. *State,* 268 Ark. 263, 595 S.W. 2d 220 (1980). The 1973 statutes applicable to this case are identical to the 1970 statutes applicable to the *Queen* decision, supra. The two cases are factually indistinguishable. Therefore, the *Queen* decision must control and this case must be reversed.

Reversed.