## Daniel Odell ENGLISH *v.* STATE of Arkansas

CR 81-67                                                626 S.W. 2d 191

Supreme Court of Arkansas
Opinion delivered November 23, 1981
[Supplemental Opinion on Denial of Rehearing January 11, 1982.]

*John W. Settle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a jury trial, appellant was convicted of rape and burglary and sentenced as a habitual offender to life imprisonment and fined $15,000 for rape and to 40 years for burglary. The sentences were set to run consecutively. On appeal we reverse and remand for a new trial.

The evidence showed that on November 9, 1980, at approximately 7:30 p.m. appellant entered the victim's apartment through an open window and raped her. Five days later appellant returned to the victim's home "around

midnight" and knocked on her door; she recognized him as her previous attacker and called the police. A few minutes later appellant was arrested in a parking area one block from the victim's home. Appellant was placed in the back seat of a police vehicle and was carried directly to the victim's residence where she made a positive identification.

Ark. Stat. Ann. § 41-1001 (Supp. 1981) provides that a person who has been "convicted" or "found guilty" of previous offenses may be sentenced to an extended period of imprisonment (as a habitual offender). Appellant argues, and we agree, that the trial court erred in allowing the State to introduce into evidence as a previous conviction proof of a "court probation" proceeding in which there was no conviction or finding of guilt (Sebastian County Circuit No. CR-1978).

In *Cantrell* v. *State*, 258 Ark. 833, 529 S.W. 2d 136 (1975), we defined court probation:

> Under the 'court probation' procedure, the trial court retains jurisdiction over one admittedly guilty of a felony, but gives him a chance to rehabilitate himself, by a formal refusal to accept his guilty plea. By retaining jurisdiction, however, the trial court can revoke the 'probation' by accepting the plea at a later time, if the person commits another offense.

Such a proceeding does not constitute a "conviction" or "finding of guilt" under the above statute until the plea is finally accepted and, therefore, is inadmissible for sentence enhancement purposes.

The Arkansas Criminal Code which became effective January 1, 1976, Act 280 of 1975, codified this common law "court probation" procedure in Art. 3, Disposition of Offenders, (A.S.A. §§ 41-801 — 1351 [Repl. & Supp. 1981]) by providing in Ark. Stat. Ann. § 41-803 (5) (Supp. 1981) that "If a defendant pleads guilty or is found guilty of an offense . . . the court may suspend imposition of sentence or place the defendant on probation . . . . " Placing the defendant on probation without imposing a sentence was the essential

element in "court probation" as it is under the Arkansas Criminal Code. All other statutory sentencing procedures require that a judgment of conviction be entered, and the sentence begins to run from the time of the sentence and it is immaterial whether the trial court suspends (a) the imposition of the sentence or (b) the execution of the sentence. *See Canard* v. *State,* 225 Ark. 559, 283 S.W. 2d 685 (1955); *Culpepper* v. *State,* 268 Ark. 263, 595 S.W. 2d 220 (1980). The Criminal Code further provides in Art. 3, § 803 (1) that "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this article." It is, therefore, clear that apart from statute this common law "court probation" procedure is no longer available as a sentencing alternative. *See McGee* v. *State,* 271 Ark. 611, 609 S.W. 2d 73 (1980).

Other objections raised by appellant are not considered since they will not likely be raised in the same context upon retrial.

Reversed and remanded.

PURTLE and DUDLEY, JJ., concur.

JOHN I. PURTLE, Justice, concurring. I concur in the results reached by the majority, but I am not sure that we are in agreement on the grounds for the action taken. So far as I am concerned, the term "court probation" is merely a phrase used when a trial court places a defendant on probation. I do not know that there has ever been a legal definition for the words "court probation." The term has been used most frequently in one particular area of the state, but it has been used all across the state at one time or another. It is my opinion that there is "court probation" whether the probation is prior to acceptance of a plea or finding of guilt or whether imposed after the acceptance of a plea or finding of guilt. No significance should be given to the term "court probation." The court is the only source of a sentence of probation and in this sense, of course, it is court probation. I suppose it could be contrasted with that type of probation used by the Board of Pardons and Paroles, in which case it

would be proper to refer to the probation as "parole probation."

The majority opinion correctly states that Ark. Stat. Ann. § 41-1001 (Supp. 1981) provides that a person who has been *convicted* or *found guilty* of a previous felony may be convicted as an habitual offender. The question then to be determined by this court is what is a conviction or finding of guilt. Ark. Stat. Ann. § 41-803 (1) (Supp. 1981) states:

> No defendant convicted of an offense shall be sentenced otherwise than in accordance with this Article.

This language is absolutely no help in determining the meaning of a conviction or finding of guilt. It simply states that a defendant must be convicted before he is sentenced. Certainly, if there is a docket entry or a court order in which the defendant is convicted or found guilty, there is no question to be decided. However, when the docket entry or the order specifically states that the guilty plea has not been accepted or the trial court has suspended making a finding of guilt or innocence, there is equally no question concerning conviction or finding of guilt. We must then look elsewhere to determine what is meant by conviction or finding of guilt.

The majority cite the case of *Canard v. State,* 225 Ark. 559, 283 S.W. 2d 685 (1955), as standing for the proposition that it is immaterial if the trial court suspends imposition of the sentence or execution of the sentence. This interpretation is unclear. Canard pled guilty and the court immediately signed an order sentencing him to serve one year in the state penitentiary. However, the court suspended the sentence on certain conditions. In fact, the *Canard* decision stated that it was immaterial whether the court postpones the pronouncement of sentence or the execution of the sentence already pronounced. It is obvious that either way the statement was based upon an existing guilty plea or a finding of guilt. There was no suspension of a finding of guilt because the court entered such finding on the date of the guilty plea. The majority also cites *Culpepper v. State,* 268 Ark. 263, 595 S.W. 2d 220 (1980). Culpepper also entered a plea of guilty and the court immediately sentenced him to

five years suspended with three years on probation based upon certain conditions. Therefore, both *Canard* and *Culpepper* dealt with cases where a guilty plea was entered, accepted and sentence pronounced. These cases do not deal with the situation where the court has not accepted a plea and pronounced sentence such as offered in the case now before us. In *Culpepper* we stated:

> There is a substantial difference between advising a defendant that he is sentenced to five years suspended subject to certain behavioral requirements and in advising a defendant that the imposition of sentence will be suspended or postponed for five years conditioned on the same behavioral requirements. . . .

The primary purpose of my concurrence is to state that I feel the courts still have the power to postpone or suspend the acceptance of a guilty plea or finding of guilt. The court is in a far superior position to determine the possibility of rehabilitation in a particular case than is an appellate court. It seems to me that the trial court has the most powerful tool for rehabilitating a person who has committed a crime when the court is able to suspend the final action on a case for a definite period of time. In my opinion, Ark. Stat. Ann. § 41-1201 (3) (b) (Repl. 1977) permits the court to suspend imposition of sentence or place him on probation without entering a judgment of guilt or conviction; it states:

> (3) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if;

> (b) it sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

In *McGee v. State*, 271 Ark. 611, 609 S.W. 2d 73 (1980), we stated:

> . . . we recently recognized that specifying a period of probation in no way limited a trial court on revocation when no sentence had been imposed or pronounced.

Nothing that we said in *Culpepper* v. *State,* supra, was meant to suggest otherwise. Under the 1976 Criminal Code, a sentence is not imposed until the court pronounces a fixed term of imprisonment as opposed to simply specifying a definite period of time of probation. See Ark. Stat. Ann. § 41-801 (2) and § 41-1208 (6) (Repl. 1977). . . .

I guess the best way to sum up my position on this matter is in the words of Chief Justice Fogleman's concurring opinion in *McGee* v. *State,* supra, wherein he stated:

> . . . no legislation has in any way impaired or abolished court probation in which the circuit court's probation postpones acceptance of a guilty plea, retaining jurisdiction, but giving the accused an opportunity to rehabilitate himself. . . .

Therefore, in my judgment, we should clearly state that a trial court has the authority to hold an accused in the status of suspension or probation for a fixed period of time without making a docket entry of or entering an order of conviction or making a finding of guilt.

Supplemental Opinion on Denial of Rehearing
delivered January 11, 1982

PER CURIAM. Two issues were raised which may arise again on a retrial.

The prior convictions were proved by the circuit clerk of Sebastian County testifying, basing *her* testimony on docket sheet entries from her office. The docket sheets themselves were also admitted. According to our decision in *Reeves* v.

*State,* 263 Ark. 277, 564 S.W. 2d 503 (1978) that was proper evidence to prove prior convictions.

The appellant argues the evidence of identifcation was improperly admitted. We have examined the record in the light of *Lindsey* v. *State,* 264 Ark. 430, 572 S.W. 2d 145 (1978) and conclude that we cannot say the trial court was clearly wrong in permitting the evidence to be admitted based on the record made.