Larry Jack NATION *v.* STATE of Arkansas

CR 84-28                                     674 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered September 17, 1984

*Darrell E. Baker, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. The appellant, Larry Jack Nation, brings this appeal from the revocation of three suspended sentences. He argues two points for reversal, neither of which has merit.

Nation, in two separate appearances in the Cross County Circuit Court, entered guilty pleas to a total of three counts of theft and burglary before Judge Henry Wilkinson. On both occasions, Judge Wilkinson suspended imposition of the sentences, informing appellant of the possible range of sentences he could receive should he violate the conditions of probation. On October 13, 1983, the state filed a motion to revoke the suspensions, alleging a breach of the written conditions of probation in that appellant had committed the offense of theft of property. Judge Harvey Yates of the Cross County Circuit Court presided at the revocation hearing, found that appellant had violated the conditions of his probation and imposed a sentence of forty years.

Appellant first argues that Judge Yates was without jurisdiction to hear the revocation proceeding, citing Ark. Stat. Ann. § 41-1209 (2), which provides in pertinent part:

(2)    A suspension or probation shall not be revoked except after a revocation hearing. *Such hearing shall be conducted by the court that suspended imposition of sentence on defendant* or placed him on probation within a reasonable period of time not to exceed 60 days after the defendant's arrest. . . .

Appellant argues that "court" in the italicized portion means "judge," and therefore, Judge Yates, although in the same circuit court as the judge who suspended imposition of the sentences, was without jurisdiction to revoke the suspensions granted by the judge of another division. Appellant argues that knowledge of the circumstances of the underlying offense is important as the offender is punished on revocation not for the instant misconduct but for the original act. Hence, the requirement that the hearing be conducted by the same court would logically imply that it be by the same judge. This point was not raised below, and unless it is a question of subject matter jurisdiction, cannot be raised on appeal. The appellant is mistaken in his implication that it is such a question.

Appellant cites no authority for the rationale of his interpretation of § 41-1209, and the argument is not convincing. There is ample authority that jurisdiction is granted to a particular position and not to the individual who fills it and that judges of different divisions within a circuit have commutable authority. Arkansas Constitution Article 7 § 21 (election by attorneys of special judges for circuit courts when for various reasons the sitting judge is not available); Ark. Stats. Ann. § 22-322.11, 12, § 22-324.2, 4, § 22-333.25 (power of circuit judges to try cases in either or any division of the circuit court and to reassign cases from one division to another); *Gardner* v. *State*, 252 Ark. 828, 481 S.W.2d 342 (1972) (recognition of Ark. Stat. Ann. § 22-322.12 as permitting trial judges to transfer cases either civil or criminal from one division to another). As this is not a question of subject matter jurisdiction and was not raised

below, the appellant has waived his right to raise it at this time. *McGee v. State,* 271 Ark. 611, 609 S.W.2d 73 (1980).

On his second point for reversal appellant argues that A.R.Cr.P. Rule 24.6, requiring inquiry by the judge into the factual basis of the plea, was not complied with when appellant entered the guilty pleas to his prior charges. The state maintains that such an objection cannot be properly raised at a revocation hearing, but we need not address that argument for as the state correctly points out the objection was not raised below in any case, and appellant therefore has waived his right to present it on appeal. *McGee, Id.*

Affirmed.