Angelete GAUTREAUX *v.* STATE of Arkansas

CA CR 86-222                                    736 S.W.2d 23

Court of Appeals of Arkansas
Division II
Opinion delivered September 23, 1987
[Rehearing denied October 21, 1987.]

*Hurst Law Office,* by: *Q. Byrum Hurst, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *William F. Knight,* Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant pled guilty to a charge of theft on July 27, 1981 and the trial court sentenced her to five years in prison. However, execution of the sentence was stayed and the appellant was placed on probation for five years. On May 23, 1985, a petition was filed alleging that the appellant had violated conditions of her probation. The appellant was arrested on July 14, 1985, and after a hearing her probation was revoked on August 26, 1986. The court sentenced her to six months in the Arkansas Department of Correction. On appeal the appellant argues that the trial court was without jurisdiction to revoke her probation because the term of her probation had lapsed. We find that the appellant's argument has merit and we reverse and dismiss.

The State, citing Ark. Stat. Ann. § 41-1208(5) (Repl. 1977), contends that the trial court could revoke the appellant's probation because the appellant was arrested for violations of the conditions of her probation prior to the expiration of the probationary time period. The State's contention is correct where a defendant has pled guilty and imposition of sentence was suspended, or where the defendant is simply placed on probation. However, that is not the situation in the case at bar. Here the trial court imposed the sentence and suspended execution of the sentence. Under our criminal code, a sentence is imposed when the court pronounces a fixed term of imprisonment as opposed to simply specifying a definite period of probation. *McGee v. State*, 271 Ark. 611, 609 S.W.2d 73 (1980); *Jefferson v. State*, 270 Ark. 909, 606 S.W.2d 592 (1980). According to Ark. Stat. Ann. § 43-2332 (Supp. 1985), if sentence is imposed, then the probationer can only be required to serve the remainder of the time imposed. *Easley v. State*, 274 Ark. 215, 623 S.W.2d 189 (1981). Therefore, since the revocation did not occur until after the completion of the appellant's imposed sentence, the trial court could not sentence the appellant to serve additional time in prison.

Because we have reversed and dismissed this case based on the appellant's first argument, it is unnecessary for us to consider the other issues raised by the appellant on appeal.

Reversed and dismissed.

Corbin, C.J., and Coulson, J., agree.