Julius C. LYONS *v.* STATE of Arkansas

CA CR 90-237 813 S.W.2d 262

Court of Appeals of Arkansas
Division I
Opinion delivered June 19, 1991

*John Joplin*, for appellant.

*Ron Fields*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On June 16, 1989, appellant Julius C. Lyons entered a plea of guilty to battery in the second degree and was sentenced to five years in the Arkansas Department of Correction with four and one-half years suspended. On February 12, 1990, the state filed a petition to revoke alleging that appellant had committed the offenses of theft of property and possession of drug paraphernalia. After a hearing held on March 9, 1990, the trial court revoked appellant's suspended sentence and sentenced him to serve four and one-half years in the Arkansas Department of Correction, three and one-half years suspended. Appellant does not appeal the revocation of his suspended sentence; he argues only that the sentence the trial court imposed after revoking his suspended sentence was illegal. The state agrees and recommends that we affirm the revocation and modify the sentence.

In *Gautreaux v. State*, 22 Ark. App. 130, 736 S.W.2d 23 (1987), we said:

> Under our criminal code, a sentence is imposed when the court pronounces a fixed term of imprisonment as opposed to simply specifying a definite period of probation. *McGee v. State*, 271 Ark. 611, 609 S.W.2d 73 (1980). According to Ark. Stat. Ann. § 43-2332 (Supp. 1985), if sentence is imposed, then the probationer can only be required to serve the remainder of the time imposed. *Easley v. State*, 274 Ark. 215, 623 S.W.2d 189 (1981).

22 Ark. App. at 131. The statute referred to in the above quotation, Ark. Stat. Ann. § 43-2332 (Supp. 1985), is now Ark. Code Ann. § 16-93-402 (1987). It reads, in pertinent part, as

follows:

> (e)(1) At any time within the probation period or within the maximum probation period permitted by § 16-93-401 [five years], the court for the county in which the probationer is being supervised or, if no longer supervised, the court for the county in which he was last under supervision may issue a warrant for his arrest for violation of probation occurring during the probation period.
>
> . . . .
>
> (5) Thereupon, the court may revoke the probation and require him to serve the sentence imposed or any lesser sentence which might have been originally imposed.

 Because the trial court, in the instant case, sentenced the appellant to five years imprisonment (with four and one-half years suspended), the court's sentence was *imposed* under the statutes and cases cited above; therefore, he could not be required, after revocation, to serve more than the remainder of his original sentence. Although appellant did not make a specific objection that the sentence imposed at the revocation hearing was illegal, a defendant may challenge on appeal the validity of a sentence of imprisonment even in the absence of an objection at trial to the legality of the sentence. *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Palmer* v. *State*, 31 Ark. App. 97, 788 S.W.2d 248 (1990); and *Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989).

██ We, therefore, agree with appellant and the state that appellant's sentence upon revocation was illegal and must be modified. However, the record does not reveal when the appellant was released from the Arkansas Department of Correction. Ark. Code Ann. § 5-4-307 (1987), formerly Ark. Stat. Ann. § 41-1206(3)(Repl. 1977), provides as follows:

> (c) If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.

In *Vann* v. *State*, 16 Ark. App. 199, 698 S.W.2d 814 (1985), the

the court applied Ark. Stat. Ann. § 41-1206(3) to hold that the suspended portion of a sentence to imprisonment commences to run upon the release of the prisoner from confinement. *See also Matthews* v. *State*, 265 Ark. 298, 578 S.W.2d 30 (1979).

Thus, the suspended four and one-half year portion of appellant's sentence began to run on the day that he was released from the Arkansas Department of Correction. Since we cannot determine from the record exactly when appellant was released from prison, we must remand this case for the trial court to enter a proper sentence in keeping with this opinion.

Affirmed as to revocation and remanded for resentencing.

COOPER and JENNINGS, JJ., agree.